185 So.2d 161 (1966)
Norman KIRK, Jr., Petitioner,
v.
PUBLIX SUPER MARKETS, Hartford Accident & Indemnity Company and the Florida Industrial Commission, Respondents.
No. 34444.
Supreme Court of Florida.
March 30, 1966.
Rehearing Denied May 5, 1966.
*162 Robert S. Lyons, Fort Lauderdale, for petitioner.
Gerald T. Nolan, Crowley & Nolan, Fort Lauderdale, Patrick H. Mears, Tallahassee, and J. Franklin Garner, Lakeland, for respondents.
O'CONNELL, Justice.
The petitioner-claimant, Norman Kirk, Jr., filed a claim for compensation benefits and remedial treatment. The claim was controverted by the employer. On motion of the employer the deputy entered an order directing the claimant to submit to a physical examination by physicians named in the order and to produce to the employer's attorney copies of reports of physicians who had either previously examined or treated claimant and records relating to claimant's admission to two hospitals. In this order the deputy stated that if the claimant failed to comply therewith without showing good cause his claim would be dismissed. Claimant complied with that portion requiring that he submit to compulsory physical examination but refused to produce the copies of medical reports and hospital records as ordered.
Upon being advised by counsel for the employer that the claimant had not produced the documents as ordered, the deputy notified the parties that the time previously set aside for final hearing would be utilized to give the claimant the opportunity to show cause why he had not complied with the order to produce. At this hearing the claimant's attorney asserted claimant's right not to produce the reports because they were work products and privileged. Near the conclusion of the hearing the deputy expressed the view that he would merely continue further action on the claim until the documents were produced, but at insistence of the attorney for claimant that an appealable order be entered the deputy made the order now before us for review.
In his order the deputy found that the medical reports and hospital records involved were not work products and not *163 privileged; that the claimant had violated the terms of the order to produce; and that claimant was therefore not entitled to further consideration of his claim until he complied with the order to produce. However, in the decisional paragraph of the order, the deputy ordered that the claim be "denied and dismissed without prejudice." In addition, the deputy stated that no consideration would be given to any new claim until the claimant complied with the order to produce
On application for review the Full Commission affirmed the deputy in a short form order. This petition for certiorari followed.
As to claimant's contention that he cannot be required to produce the hospital and medical reports we agree with the deputy, as did the Full Commission, that medical reports and hospital records are not work products and not privileged in a workmen's compensation proceeding. The whole intendment of the statute is that such reports and records as are pertinent to the injury involved and the determination of its results should be available to the Commission, the employer and the employee. F.S. Section 440.13(1), F.S.A. and Commission Rule 20 both require the filing and furnishing of medical reports. Sections 440.25(3) and 440.29(1) authorize the Commission to make or cause to be made such investigation in such manner as best to ascertain the rights of the parties. A reasonable interpretation of this authority is that it includes the power to inquire into medical treatment and examinations and in doing so to require the production of pertinent reports and records of doctors and hospitals. If there is any doubt that it has this authority it is dispelled by the provisions of Section 440.33(1) which specifically empowers the Commission to order production of documents and other evidence, and the taking of depositions.
In the instant case the order to produce required the claimant to deliver copies of the reports and records to the employer's counsel rather than directing the doctors and hospitals to produce them. We have reservations as to the reasonableness of an order which requires the claimant, apparently at his expense, to produce such copies. This, however, does not detract from the fact that the deputy has the power to order the claimant to produce the copies if he has them.
Claimant urges that the deputy erred in relying on F.R.C.P., 30 F.S.A., particularly Rule 1.31, as justifying his dismissal of the claim because of claimant's failure to produce as ordered. The Commission has authority to adopt reasonable rules and regulations necessary to the handling of its business, and in doing so could no doubt make certain of the F.R.C.P. applicable to proceedings before it. However, we are unable to find where the Commission has done so. Moreover, for reasons given below the Commission could not have made Rule 1.31, F.R.C.P. applicable to proceedings before it.
This brings us to the last and basic question presented in this cause. We must decide whether a deputy may dismiss a claim, or refuse further consideration of it, as a sanction for failure of the claimant to perform an order of the deputy. As noted by the deputy in his order of dismissal a court, pursuant to Rule 1.31, F.R.C.P., may follow any one of a number of courses in event a party refuses to make discovery when ordered to do so. Among other things a court may stay further proceedings or dismiss the action. It would seem logical that a deputy ought to have the same power; however, we are forced to conclude that he does not.
In Section 440.33 the Legislature enumerated the powers of the Commission. In subsection (2) thereof the Legislature anticipated and made specific provision for handling the problem which confronted the deputy in this cause. According to this subsection, if a person neglects or refuses to produce any pertinent document after having been ordered to do so, the deputy shall certify the facts to the appropriate court, which we construe to mean the circuit *164 court in the county where the deputy is acting. After hearing evidence, this court may punish as if the failure of the party were in fact a contempt of the court. Such punishment could undoubtedly take the form of a dismissal of the claim or a stay of proceedings just as ordered by the deputy in this cause, or even confinement of the claimant until he purged himself of the contempt.
It is elemental that when the Legislature provides that an administrative power shall be exercised in a certain way such prescription precludes the doing of it in another way. We are therefore forced to conclude that the deputy did not under these facts have the authority to dismiss the claim, and that he should have certified the matter to the circuit court pursuant to Sec. 440.33.
For these reasons the order of the Full Commission is quashed, the cause remanded with directions to vacate the order of the deputy and return it to him for further proceedings consistent with this opinion.
It is so ordered.
THORNAL, C.J., and DREW and CALDWELL, JJ., concur.
ERVIN, J., dissents with opinion.
ERVIN, Justice (dissenting):
I would affirm the order of the Full Commission. Even if the Workmen's Compensation Law, and particularly F.S. § 440.33(2), F.S.A., thereof, restricts the Deputy to the cumbersome procedure of seeking the aid of contempt of court proceedings from the circuit court to compel the production of a relevant document, I find that F.S. § 120.25, F.S.A., of the Administrative Procedure Act authorized the Deputy Commissioner to proceed as he did.
Chapter 120, the Administrative Procedure Act, was adopted in 1961 and comprehensively relates to all administrative procedures of state agencies, including their hearings and adjudications. The Act is supplemental and cumulative to prior laws regulating hearings and administrative procedures of specific state agencies.
Section 120.25, later in time than § 440.33(2), provides that a state agency, through its hearing examiner (in this instance the Deputy Commissioner) may issue subpoenas authorized by law, rule upon offers of proof and receive relevant evidence, dispose of procedural requests or similar matters, regulate the course of a hearing, and "enter any order to carry out the purposes of this law."
Armed with this authority, I think it lay within the power of the Deputy to enforce his order to require the claimant to produce for the employer's attorney copies of reports of physicians who had either previously examined or treated claimant and records relating to claimant's admission to two hospitals. Compliance could be enforced either by suspension or dismissal of the claim.
Compare: Stockham v. Stockham (Fla.), 168 So.2d 320, 4 A.L.R.3d 539; Keating v. State ex rel. Ausebel (Fla.), 173 So.2d 673, and Florida Real Estate Commission v. Rogers (Fla.), 176 So.2d 65.