247 So.2d 33 (1971)
JOHN GAUL CONSTRUCTION COMPANY and Highlands Insurance Company, Petitioners,
v.
Leslie HARBIN and the Industrial Relations Commission, Respondents.
No. 40197.
Supreme Court of Florida.
March 10, 1971.
Rehearing Denied April 26, 1971.
*34 Timothy H. Kenney of Wicker, Smith, Pyszka, Blomqvist & Davant, Miami, for petitioners.
L. Barry Keyfetz of Ser, Greenspohn & Keyfetz, Miami, Patrick H. Mears and J. Franklin Garner, Tallahassee, for respondents.
ERVIN, Justice.
We review an Industrial Relations Commission reversal of an order of a Judge of Industrial Claims dismissing a claimant's petition for modification of an original compensation order.
Claimant sustained a compensable injury on November 30, 1966. A compensation order was entered thereon and thereafter in 1969 claimant filed petition for modification of the order. No hearing was scheduled on the petition. Employer-carrier arranged for medical appointments for claimant and scheduled claimant's deposition.
Claimant failed, without excuse of record, to keep the medical appointments and did not attend the scheduled deposition. On employer-carrier's motion to dismiss for such failure and nonattendance, the Judge, after notice to claimant and a hearing, dismissed the petition for modification, although no prior order had been or was entered by him compelling claimant to keep the medical appointments or to attend to his deposition.
The Commission reversed the dismissal order solely on the authority of Kirk v. Publix Super Markets, Fla. 1966, 185 So.2d 161, with remand for further proceedings in accordance with the holding in that case. Such remand signifies that the stated failures of claimant should be certified to the Circuit Court pursuant to Section 440.33(2), Florida Statutes, F.S.A., for contempt proceedings as the only means prescribed by law for correction of claimant's failures.
However, as a matter of law, a Judge of Industrial Claims has authority to dismiss a claim or petition of a claimant when he does not submit to a statutorily required medical examination and does not appear for a scheduled deposition.
F.S. section 440.25(6), F.S.A., provides a claimant may be required to submit to a medical examination by a doctor of the employer's choice.
F.S. section 440.30, F.S.A., deals specifically with the taking of depositions of witnesses in compensation cases. It provides such depositions shall be taken "* * * as now or hereafter prescribed by law or by rules of court governing the taking and use of such depositions in civil actions at law in the circuit courts of this state." This language, of course, refers directly to Rules 1.310, 1.360, and 1.380 of the Florida Rules of Civil Procedure adopted by this Court, 30 F.S.A. Rule 1.380(d) provides that if a party wilfully fails to appear before the officer who is to take his deposition after being served with a proper notice, the court on motion and notice may dismiss the action or proceeding or any part thereof, or enter a judgment against that party.
Our Court held in Twisdale v. Womack & Martel, 148 So.2d 21, that a Judge of Industrial Claims had authority to suspend benefits when a claimant refuses to undergo medical treatment which does not involve *35 serious suffering or danger of serious harm. Text 24.
When the foregoing cited procedures are considered either by themselves as administrative processes to be administered directly by Industrial Relations Commission officers for the expeditious dispatch of workmen compensation matters or in conjunction with the Administrative Procedure Act (Ch. 120, F.S.), it is immediately apparent the Commission's reliance on Kirk v. Publix Super Markets, supra, as the sole remedy for claimant's failures is misplaced.
Resort to the Circuit Court to enforce through contempt proceedings workmen's compensation administrative procedures may be deemed inappropriate in certain instances as unnecessarily cumbersome, delaying, expensive, circuitous and out of harmony with the expeditious objectives sought to be achieved in the early processing of workmen's compensation claims.
As we view the issue, the Judge of Industrial Claims had a choice under the State's new Governmental Reorganization Act to proceed directly, as he did, or to certify the matter to the Circuit Court for contempt consideration. The Commission was mistaken in holding he had no choice but to certify. See F.S. Section 120.25, F.S.A., and read it in connection with Chapter 69-106, the Governmental Reorganization Act, i.e., F.S. Chapter 20, F.S.A., which places the Industrial Relations Commission under the Department of Commerce. (F.S. Sec. 20.17, F.S.A.) Section 20.04(5) provides "All departments and units thereof shall be subject to the requirements of the administrative procedure act, chapter 120." The reorganization act modifies Kirk v. Publix Super Markets, supra, as noted.
Insofar as the Commission relies on Kirk v. Publix Super Markets solely for reversal of the Judge's order of dismissal, it is reversed without prejudice, however, on remand to otherwise consider said order on its merits.
It is so ordered.
CARLTON, BOYD, McCAIN and DEKLE, JJ., concur.
ROBERTS, C.J., and ADKINS, J., dissent.