McCAIN, Justice.
This cause is before us to review an order of the Industrial Relations Commission reversing an order of the JIC requiring the claimant to submit to an evaluation by 'a vocational counselor or have his claim dismissed. We have jurisdiction pursuant to Article V; Section 3(b)(3), Florida Constitution, F.S.A.
The claimant had sustained a compensa-ble injury on December 12, 1962, and benefits had been paid pursuant to an order of the JIC. A petition for modification was filed by the claimant seeking to have the claim made for permanent and total disability. The employer made a motion to require the claimant to report for a vocational counseling interview or dismiss his claim for failure to comply since the claimant had previously refused to appear for such an interview.
The JIC entered an order requiring the claimant to be examined and evaluated by a vocational counselor, Rehabilitation Resources, Inc. and further providing that failure to appear for such an examination “shall result in dismissal of this claim.”
The Commission reversed the order of the Judge and remanded the cause to proceed with the merits of the case. The employer-carrier then sought relief in this Court.
The sole issue presented for our determination is whether it was proper for the Commission to reverse this order of the JIC.
This particular question has been before this Court before and we are bound by the pronouncement relative only to F. S. Chapter 440, F.S.A., in John Gaul Construction Company v. Harbin, 247 So.2d 33 (Fla. 1971) wherein it was determined that a Judge of Industrial Claims does have the statutory authority to dismiss a claim or petition. The reason for such a determination is clearly set out in Harbin and no further explanation is necessary. However it must be added that the claim may not be automatically dismissed for failure to appear for the evaluation without first meeting the requirement of due process, i. e. notice to claimant, a hearing, etc.
Therefore the decision of the IRC is reversed and the cause is remanded with directions to reinstate the order of the JIC.
It is so ordered.
ROBERTS, Acting C. J., ERVIN and BOYD, J'J., and HENDRY, District Court Judge, concur.