SHIVERS, Judge.
Claimant appeals from a workers’ compensation order dismissing the claim for her failure to permit the employer/carrier to take her deposition in the forum where the claim was pending as previously ordered. We affirm.
Claimant was injured on December 15, 1978, while working for the employer in Dade County. At the time she filed a workers’ compensation claim on October 17, 1979, she was living in California. The employer/carrier sought to take her deposition in Miami on July 29, 1980, but she informed the employer/carrier that she would not attend the deposition unless the employer/carrier paid her travel expenses from California to Florida. The employer/carrier then filed a motion to compel discovery which was granted by the deputy commissioner on September 16, 1980. The deputy commissioner ordered claimant to appear in Dade County, at her own expense, to permit the employer/carrier to take her deposition at a date and time to be set by the employer/carrier, but allowed claimant ten days to show by competent, substantial evidence that she was so destitute she could not present herself at the deposition.
Claimant made no attempt to present evidence of her financial situation and on October 15, 1980, she notified the deputy commissioner through her attorney that she would not appear in Dade County for the deposition as ordered unless the employer/carrier paid for her transportation. As a result of claimant’s refusal to attend the deposition, the deputy commissioner dismissed her claim.
It was clearly within the deputy commissioner’s discretion to dismiss the claim for claimant’s failure to attend her deposition after being ordered to do so and after her failure to show that she was so destitute that she should not be required to attend at her own expense. Section 440.30, Florida Statutes (1977), provides that depositions of
. . . parties, residing within or without the state, may be taken . . . either upon order of the deputy commissioner or at the instance of any party . . . for the same purposes, including the purposes of discovery, and subject to the same rules; all as now or hereafter prescribed by law or by rules of court governing the taking and use of such depositions in civil actions at law in the Circuit Courts of this state.
Rule 9, Workers’ Compensation Rules of Procedure, states that depositions of parties residing within or without the state shall be taken in the same manner and for the same purpose as provided in the Florida Rules of Civil Procedure. Rule 1.380(b)(2)(C) and (D), Florida Rules of Civil Procedure, provides that if a party either fails to attend his deposition after being served with proper notice or fails to obey an order compelling discovery, the court in which the action is pending may dismiss the action or proceeding.
A deputy commissioner has the authority to dismiss a claim if the claimant does not appear for his duly scheduled deposition. John Gaul Construction Company v. Harbin, 247 So.2d 33 (Fla.1971). Harbin, supra, provides especially strong support for the appealed order because, unlike the present case, no prior order had been entered by the deputy commissioner compelling the claimant to attend his deposition. Accord, International Brotherhood of Electrical Workers, Local 349 v. Albury, 299 So.2d 581 (Fla.1974), and Howard Johnson, Inc. of Florida v. Escobedo, 299 So.2d 582 (Fla.1974), reaffirming Harbin, supra, provided the claimant is afforded procedural due process rights such as notice and a hearing prior to the dismissal of a claim.
*597 Additionally, contrary to claimant’s argument, the deputy commissioner was correct in requiring claimant to travel to Dade County for her deposition in the absence of evidence of a financial inability to do so. A plaintiff is required to give his deposition in the forum where the action is pending absent a showing of good cause as to why he should not be required to give the deposition in the forum in which the action was instituted. Ormond Beach First National Bank v. Montgomery Roof Company, 189 So.2d 239 (Fla. 1st DCA 1966).
Such conclusion is premised upon the theory that having selected the forum in which to institute his action, the plaintiff must be prepared to appear in that forum and give his deposition if properly served with notice to do so by the defendant in the case. This is so, whether the choice of forum in which action is instituted is optional or compulsory.
Ormond Beach, supra at 243.
Here, claimant was injured in Dade County and therefore Dade County was the forum for her workers’ compensation claim. Section 440.25(3)(b), Florida Statutes (1979).
Claimant’s contention that it is unconstitutional to require a workers’ compensation claimant to return to the forum where the accident occurred in order to prosecute a claim and to preclude a claimant from filing a negligence action against the employer in a more convenient forum is completely without merit. The choice of venue for workers’ compensation hearings is a matter of legislative decision and there is no constitutional impediment to requiring a claim to be heard in the county where the accident occurred. Rollins v. Southern Bell, 384 So.2d 650 (Fla.1980). As to claimant’s constitutional attack on Section 440.11, Florida Statutes (1978), providing that liability of an employer to an injured employee “shall be exclusive and in place of all other liability” to the employee, the immunity provision has been held to be constitutional. Seaboard Coastline Railroad Company v. Smith, 359 So.2d 427 (Fla.1978); Favre v. Capeletti Brothers, 381 So.2d 1356 (Fla.1980); Carroll v. Zurich, 286 So.2d 21 (Fla. 1st DCA 1973); Gross v. Rudy’s Stone Company, 179 So.2d 603 (Fla.App.1965).
Accordingly, the appealed order is AFFIRMED.
McCORD, J., and WOODIE A LILES (Ret.), Associate Judge, concur.