Ms. Anabel P. Mitchell Chairman Parole and Probation Commission 1309 Winewood Boulevard Building 6, Third Floor Tallahassee, Florida 32301
Dear Ms. Mitchell:
This is in response to your request for my opinion on the following question:
 MAY THE FLORIDA PAROLE AND PROBATION COMMISSION CONDUCT ITS MEETINGS AT LOCATIONS OTHER THAN ITS HEADQUARTERS WHERE DECISIONS ARE MADE AS REQUIRED BY CH. 947, F.S.?
Your letter advises that a state attorney has proposed that the commission meet in south Florida at least once a month to hear cases arising from that area. You note that existing law, while not prohibiting the commission from meeting at other locations, does not authorize the commission to take final agency action at a location other than its headquarters in Tallahassee. You therefore inquire whether the commission may "conduct meetings and make decisions relating to the granting, denying or revoking of parole at locations other than its headquarters in Tallahassee." You state that the question above involves the construction of s947.04(4), F.S., which provides:
 The commission may establish and maintain offices in centrally and conveniently located places in Florida. Headquarters shall be located in Tallahassee for the transaction of business. The commission shall keep its official records and papers at the headquarters, which it shall furnish and equip. (e.s.)
As a creation of the Legislature, the Parole and Probation Commission has no inherent powers but is limited to the authority and powers granted to it, either expressly or by necessary implication. See, State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A.Fla., 1974), cert. denied,300 So.2d 900 (Fla. 1974); Fiat Motors of North America, Inc. v. Calvin, 356 So.2d 908 (1 D.C.A.Fla., 1978), cert. denied,360 So.2d 1247 (Fla. 1978); and State, Department of Citrus v. Office of Comptroller, 416 So.2d 820 (2 D.C.A.Fla., 1982). If there is a reasonable doubt as to the lawful existence of a particular power that is being exercised (or sought to be exercised) by an administrative agency, the (exercise or) further exercise of the power should be arrested. Edgerton v. International Company,89 So.2d 488 (Fla. 1956). Moreover, a legislative direction as to how a thing should be done is, in effect, a prohibition against its being done in any other way. Alsop v. Pierce, 19 So.2d 799
(Fla. 1944); see also, In re Advisory Opinion of Governor Civil Rights, 306 So.2d 520 (Fla. 1975). When the Legislature provides that an administrative power shall be exercised in a certain way, such prescription precludes doing it in another way. Kirk v. Publix Super Markets, 185 So.2d 161 (Fla. 1966). Therefore, under the express terms of s 947.04(4), F.S., the commission is without statutory authority to conduct "the transaction of business" other than at its "[h]eadquarters . . . in Tallahassee." Compare, ss125.001, F.S. (county commissioners on due notic may meet at any appropriate public place in the county); 230.17(2), F.S. (on due notice, district school board may meet at any appropriate public place in the district); and 372.06, F.S. (Game and Fresh Water Fish Commission may meet "at any such . . . places as may be decided on or provided by rules of the commission"). Section 947.04(4) contains no such provision and must be construed to preclude exercise of the power to meet and transact business or take final agency action at places other than as expressly provided for in that subsection or other provision of Ch. 947, F.S. . Ideal Farms Drainage District v. Certain Lands, 19 So.2d 234 (Fla. 1944); Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952). Therefore, it seems clear that "the transaction of business" and the taking of any final agency action by the commission must take place at the designated headquarters in Tallahassee, unless otherwise specifically provided for in Ch. 947, F.S., in a meeting at which the public shall have the right to be present. See, s 947.06, F.S.
Neither the words, "transaction" or "business," nor the phrase "transaction of business" is defined by the statute. It further appears that there are no controlling judicial precedents as to the meaning of the term as applied to the instant context or any similar board or commission in Florida. However, inasmuch as s947.13, F.S., prescribes the powers and duties of the commission and, among other things, empowers the commission to make the determinations and exercise the powers about which you inquire with respect to "the granting, denying, or revoking of parole," I am constrained to conclude that the performance of such duties and the exercise of such powers constitutes "the transaction of business" by the commission and is therefore subject to the locational requirement of s 947.04(4), F.S., except as may be otherwise specifically provided for in Ch. 947, F.S. Moreover, the first sentence of s 947.04(4), when considered in light of the legislative history of the various statutes affecting the commission's jurisdiction, makes no specific exception to this locational requirement for "the transaction of business." Until the enactment of Ch. 75-49, Laws of Florida, transferring such duties and functions of the commission as were not quasi-judicial in nature to the Department of Offender Rehabilitation (now Department of Corrections), the commission supervised all parolees and probationers. Prior to 1975, the first sentence of s 947.04(4) apparently had reference to offices for the parole and probation supervisors and other authorized commission employees, but this sentence does not authorize "the transaction of business" or the taking of any final agency action by the commission itself at such offices. Presently, it apparently has reference to offices for the "authorized representative[s]" or hearing examiners or other authorized personnel in the commission's employ. Moreover, I do not glean from the first sentence any implied authority for the commission itself to transact official business or take any final agency action at places outside its statutorily designated *2879 headquarters; rather, the second sentence of s 947.04(4) explicitly provides that such business shall be transacted at the commission's headquarters in Tallahassee and therefore operates to impliedly prohibit the transaction of such business or the taking of final agency action elsewhere. Alsop v. Pierce, supra; Kirk v. Publix Super Markets, supra.
Accordingly, I conclude that s 947.04(4), F.S., authorizes the transaction of official business or the taking of final agency action by the commission itself only at its designated headquarters in Tallahassee. However, to the extent that ss947.16, 947.172, 947.174, 947.1745, and 947.1746, F.S., provide that the initial parole interviews, final parole interviews, interviews for review of presumptive parole release dates, and the findings, hearings, recommendations and reports thereby required or permitted may be conducted or made by the commission's hearing examiners or conducted by or provided for by the commission at places outside the commission's headquarters in Tallahassee (correctional institutions), such official actions of the commission or members of the commission or its hearing examiners may be performed at locations other than the commission's statutorily designated headquarters. It is noteworthy that all such interviews and hearings are held after confinement of the inmates and no provision is made for transfer or transportation of the inmates to and from Tallahassee or for their custody while in Tallahassee for any such interview or hearing.
Pursuant to s 947.23(1), F.S., within 30 days after the arrest of a person charged with violation of the terms and conditions of his parole, the parolee shall be afforded a prompt preliminary hearing, conducted by a member of the commission or its duly authorized representative, at or near the place of violation or arrest to determine if there is probable cause to believe that the parolee has committed a violation of the terms or conditions of his parole. Subsection (1) also provides that the parolee may call witnesses, present evidence, and be represented by counsel at this post-arrest preliminary hearing. While a s 947.23(1) preliminary hearing requires the attendance of only one commissioner or the commission's duly authorized representative, the fact-finding hearing authorized by and referred to in ss 947.23(2), (3), (4) and (5), F.S., may be convened by either "the commission or a member or duly authorized representative of the commission . . . ." (e.s.) See also, s 947.23(6), F.S., which requires that the commission make findings of fact "[w]ithin a reasonable time after the hearing," and enter an appropriate order based thereon. The statute therefore authorizes the commission itself to hold the fact-finding hearing and further requires a majority of the commission (if the commission itself conducts the hearing) or at least two commissioners (if one commissioner or an authorized representative conducts the hearing) to enter an order at some reasonably subsequent time with regard to the alleged parole violation and with reference to such findings of fact as may be based on the record established at the hearing.
Although the place for the fact-finding hearing referred to in subsections (2), (3), (4) and (5) of s 947.23, F.S., is not specifically provided for as it is for the hearing provided for in subsection (1), I am persuaded that the statute contemplates that the hearing provided for in those subsections be conducted at a location at or near the place of violation or arrest of the alleged parole violator. None of those subsections makes any provision for the transfer or transportation of alleged violators who have been committed to jail or who are indigent to the headquarters city of the commission or for their custody while at the headquarters city for such fact-finding hearings; and no provision thereof provides for or requires any solvent parolee to appear before the commission itself at its headquarters city or that any such appearance be a condition of a solvent parolee's bail or bond or for the custody of such parolee in the event that his parole is revoked and before the parolee's return to prison or upon his return to prison to serve the sentence heretofore imposed upon him. Since there is no evident legislative intent that the commission or the state or local governments be responsible for such costs of transportation from the locality within which the parole violation occurred or the arrest made and of the custody and confinement of the parolee while in the headquarters city for and during such hearing or upon the parolee's return to prison or other correctional institution in the event that his parole is revoked or other placement ordered by the commission, and in the absence of any statutory clarification or direction in that regard, I am compelled to conclude that the commission itself may conduct the hearing provided for in subsections (2), (3), (4) and (5) of s 947.23, F.S., at or near or within the locality where the alleged parole violation occurred or the arrest of the parolee was made. To that extent those subsections operate as an exception to the requirement of s 947.04(4), F.S., that the transaction of official business by the commission take place at its designated headquarters in Tallahassee. While the language of s 947.04(4) has remained substantially undisturbed since its enactment as s 2, Ch. 20519, 1941, Laws of Florida, the provision for the fact-finding hearing referred to in subsection (2) of s 947.23 and related subsections derives from s 11, Ch. 79-42, Laws of Florida, which added the preliminary hearing described in s 947.23(1) and, more significantly, granted parolees the rights referred to herein at the preliminary hearing and at the subsequent fact-finding hearing, which rights, by implication, as noted herein, necessitate such hearings being held at or near or within the locality where the alleged parole violation occurred or the arrest therefor was made, whether such hearings are conducted or held by the commission itself where authorized, or by a member thereof or the commission's duly authorized representative. The last expression of the legislative will is the law in cases of conflicting provisions in the same statute or in different statutes. State v. City of Boca Raton, 172 So.2d 230 (Fla. 1965). Moreover, a statute should be construed so as to give it effect consistent with such other sections and parts of sections and with the policy they indicate. Johnson v. State, 27 So.2d 276
(Fla. 1946). However, to the extent that an alleged violator *2880 has no right to be heard or to submit evidence at the time that the commission (or at least two commissioners) enters an appropriate order pursuant to s 947.23(6), F.S., I am of the opinion that entry of such order is the transaction of official business or final agency action by the commission itself for which no exception to the locational requirement of s 947.04(4) exists, and that entry of such order is therefore authorized only at the headquarters of the commission in Tallahassee.
In sum, then, and in the absence of legislative clarification or direction, I conclude that the Florida Parole and Probation Commission may not conduct its meetings at locations other than its headquarters where decisions are made as required by s947.04(4), F.S., or final agency action is taken, inasmuch as the second sentence of subsection (4) authorizes the transaction of official business or the taking of final agency action by the commission only at its designated headquarters in Tallahassee and impliedly prohibits such final action or the transaction of official business elsewhere, except as may be otherwise provided for in Ch. 947, F.S. To the extent that ss 947.16, 947.172,947.174, 947.1745, and 947.1746, F.S., provide that certain parole interviews and findings, hearings and recommendations be held or made by the commission's hearing examiners or conducted or provided for by the commission at places other than the commission's statutorily designated headquarters (correctional institutions), such official actions of the commission or its members or its parole examiners may be performed at locations other than the commission's headquarters in Tallahassee, and to that extent those sections and such preliminary fact-finding functions and actions prescribed therein constitute an authorized exception to the requirement of s 947.04(4) that the transaction of business by the commission be conducted at its statutorily designated headquarters. Further, the commission itself is authorized by s 947.23(2)-(5), F.S., to conduct the hearing provided for therein at or near or within the locality where an alleged parole violation occurs or an arrest therefor is made, and to that extent, s 947.23(2) and related subsections operate as an exception to the requirement of s 947.04(4) that the transaction of official business by the commission take place at its statutorily designated headquarters in Tallahassee. However, the entry of an order pursuant to s 947.23(6), F.S., based on findings of fact made at such other locations and at or following the hearings provided for in s 947.23(2) and related subsections, constitutes the transaction of official business or the taking of final agency action by the commission itself for which no exception to the locational requirement of s 947.04(4) exists, and such order is required to be entered only at the commission's headquarters in Tallahassee.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General