ZEHMER, Judge.
Lillian Grieco appeals a workers’ compensation order dismissing her claim for temporary total disability benefits, attorney’s fees, costs, penalties, and interest. We reverse.
At the timé of claimant’s work-related injury,[1] she was employed by Lehigh Corporation, employer, as a telephone solicitor and performed this work from her home. She subsequently filed a claim for temporary total disability (TTD) and related benefits. The employer and carrier moved to dismiss this claim on the grounds that because the claimant continued to receive her salary during the period for which TTD benefits were claimed, she was not entitled to TTD benefits for that period and the judge lacked subject matter jurisdiction to entertain the claim.
The judge held a hearing on the motion to dismiss and accepted evidence on the issues of whether the employer continued to pay claimant her salary during the subject period, and whether the employer had knowledge that claimant’s husband, rather than claimant, was actually performing claimant’s employment duties. Subsequent to the hearing, the judge entered the following order:
After due notice to the parties, this cause came on for hearing before the undersigned Deputy Commissioner upon a motion to dismiss the claim for temporary total disability benefits for the period February 26, 1987 to January 22, *749 1988, plus attorney’s fees, costs, interest and penalties.
After consideration of said motion, the testimony of witnesses, the pertinent facts involved, and argument of counsel, it is the
ORDER of the undersigned Deputy Commissioner that the Motion to Dismiss be granted, and the claim is, hereby, DISMISSED.
(R. 79).
The claimant appeals, urging that the judge erred in dismissing the claim for lack of subject matter jurisdiction. She asserts that the judge had jurisdiction to hear and determine all questions presented in the claim, including the employer and carrier’s right to an offset for benefits already paid. The employer and carrier argue that the judge properly dismissed the claim solely because the employer continued to pay claimant her salary during the period for which she is claiming entitlement to temporary total disability payments. Neither the motion to dismiss nor the order identifies the statutory authority for the assertion that claimant was not entitled to benefits because she received her salary during the period for which she claimed benefits. Section 440.14(3) or 440.-20(14) might support this ultimate conclusion, but the employer and carrier would have to assert one or both of these statutes as a defense, and would have the burden of proving their entitlement to an offset under either section. See Great Dane Trailers v. Clark, 520 So.2d 53 (Fla. 1st DCA 1988). If the judge found that the employer and carrier were entitled to such an offset, the judge would be required to set forth findings of fact supporting this result, including claimant’s average weekly wage and the amount of credit to which employer and carrier would be entitled. Neither the employer and carrier nor the judge complied with this procedure.
The only statutory authority for dismissal of a workers’ compensation claim is section 440.19(l)(d), which authorizes dismissal of a claim for failure to comply with the procedural requirements contained in that section upon motion of an interested party. The motion to dismiss must state with particularity why the claim is not in compliance with the section, and any order of dismissal pursuant to the section must allow the claimant 60 days within which to file an amended claim. The judge did not dismiss claimant’s claim for benefits under this statutory authority because the claim meets all of the requirements set out in this statute and no leave to amend was granted. Furthermore, the motion to dismiss does not meet the statutory requirements of that section. The only other authority for dismissing a workers’ compensation claim at the time of the entry of this order[2] was rule 4.110(b), Florida Workers’ Compensation Rules of Procedure. That rule authorizes dismissal of a workers’ compensation claim for lack of prosecution where no action has been taken for a period of one year and was not applicable to this case. That rule clearly did not authorize the subject order of dismissal.
We hold that the judge had subject matter jurisdiction to hear this claim because the claim satisfied the requirements set out in section 440.19. Even if we treat the order of dismissal as a denial of the claim on the merits, the order constitutes error because it fails to set forth any findings of ultimate facts, in contravention of section 440.25(3)(c), Florida Statutes (1987).
Reversed and remanded for further proceedings consistent herewith.
ERVIN and NIMMONS, JJ., concur.

. Employer and carrier admit in their motion to dismiss that this accident was work related.

. Rule 4.056, Fla.W.C.R.P., which became effective January 1, 1989, authorizes the deputy to dismiss any issue without prejudice if such issue is not ripe for adjudication.