JOANOS, Judge.
Tony Iafornaro has appealed an order of the judge of compensation claims dismissing his claim for benefits with prejudice. We affirm.
On October 19, 1986, Iafornaro filed a claim for benefits based on an injury occurring in September 1986. The claim was withdrawn on April 17, 1987, and refiled on April 29, 1987 by different counsel. Iafor-naro failed to appear for scheduled and noticed depositions in August and September 1988, and the employer/carrier’s motion to dismiss on that ground was granted without prejudice in October 1988.
The claim was filed for the third time on November 16, 1988. Iafornaro failed to appear for a deposition, scheduled and noticed for December 20, 1988, claiming to have broken his leg. He did appear for the re-scheduled deposition on January 10, 1989, with nothing apparently wrong with his leg at that time, but left the room to go to the bathroom and never returned. The employer/carrier moved to dismiss the claim with prejudice, which was granted by the judge after a hearing, based on the December 1988 and January 1989 failures to appear for depositions.
In support of his argument for reversal, Iafornaro cites the holding of Grieco v. Lehigh Corporation, 549 So.2d 748 (Fla. 1st DCA 1989), that a workers’ compensation claim can only be dismissed pursuant to Section 440.19(1)(d), Florida Statutes (1987), or Rule 4.090(a), Florida Workers’ Compensation Rules of Procedure, neither of which is applicable herein.
However, in Grieco, the judge of compensation claims had purported to dismiss a claim on its merits, without a hearing, on the ground that the claimant, who was seeking temporary total disability benefits, had received her salary during the period for which she claimed benefits. The case did not involve the issue with which we are confronted here, that is, the judge’s authority to dismiss a claim based on the procedural ground of a claimant’s failure to appear at a scheduled and noticed deposition.
In John Gaul Construction Co. v. Harbin, 247 So.2d 33 (Fla.1971), it was held that “as a matter of law, a [judge of compensation claims] has authority to dismiss a claim ... of a claimant when he does not ... appear for a scheduled deposition.” Harbin at 34. The court explained that Section 440.30, Florida Statutes, addressed the taking of depositions in workers’ compensation cases, providing that such depositions should be taken “as now or hereafter *899 prescribed by law or by rules of court governing the taking and use of such depositions in civil actions at law in the circuit courts of this state,”
The court found that this language referred directly to, among others, Rule 1.380, Florida Rules of Civil Procedure, subsection (d), which provided that if a party wilfully failed to appear before the officer who was to take his deposition after being served with a proper notice, the court on motion and notice could dismiss the action or proceeding or any part thereof. Harbin at 34.
Section 440.30, Florida Statutes (1987), still reads as quoted by the Harbin court. Rule 1.380(d), Florida Rules of Civil Procedure, now provides that “if a party ... fails to appear before the officer who is to take his deposition after being served with proper notice ..., the court in which the action is pending may take any action authorized under paragraphs (A), (B) and (C) of subdivision (b)(2) of this rule.” Rule 1.380(b)(2)C permits the entry of an order “dismissing the action or proceeding.”
Here, Iafornaro voluntarily dismissed his 1986 claim, which claim was dismissed without prejudice after refiling, based on Iafornaro’s failure to appear for two scheduled and noticed depositions. After yet a third refiling, Iafornaro failed to appear for a December 1988 deposition, then vanished without explanation from his January 1989 deposition. These circumstances clearly support the judge’s exercise of his authority to dismiss the claim with prejudice, and Grieco does not require a different result.
Affirmed.
SHIVERS, C.J., and ZEHMER, J., concur.