578 So.2d 432 (1991)
KAISER ALUMINUM & CHEMICAL and Alexis Risk Management Services, Appellants,
v.
Lovett W. TAYLOR, Appellee.
No. 89-1378.
District Court of Appeal of Florida, First District.
April 18, 1991.
*433 Daniel C. Shaughnessy and John J. Schickel of Coker, Myers, Schickel, Cooper & Sorenson, P.A., Jacksonville, for appellants.
Jean M. Johnson of Rumrell & Johnson, Jacksonville, for appellee.
MINER, Judge.
In this workers' compensation appeal, we are asked to determine whether competent substantial evidence supports the Judge of Compensation Claims' (JCC's) order finding maximum medical improvement (MMI), awarding permanent total disability (PTD) benefits and finding that claimant did not unreasonably refuse medical treatment. We find competent substantial evidence in the record to support the JCC's conclusion that claimant did not unreasonably refuse medical treatment and affirm this finding without further comment. We do not find such evidence to support the JCC's finding of MMI and the consequent award of PTD benefits and reverse on this point.
In April of 1982, appellee/claimant was at work packing cans for appellant/employer (Kaiser) when he was injured in a compensable accident. This injury required surgical intervention and precluded claimant's return to Kaiser. Medical testimony established an MMI date of April 1, 1985, and elaborated on medical restrictions placed on claimant by his physician, Dr. Evans. During the post-surgery recovery period and up to the hearing on his claim for PTD benefits, claimant became "habituated" to painkilling drugs.
At the PTD benefits hearing, claimant recounted, among other matters, that he had conducted an exhaustive job search and was unable to find work within his capabilities. Job search forms buttressing this testimony were introduced into evidence.
In an order issued after the hearing, the JCC found claimant PTD from and after April 1, 1985, due to drug dependence. In so finding, the JCC apparently found it unnecessary to address the adequacy of claimant's job search or cite the physical restrictions placed on claimant as a basis for his PTD finding. From this order, this appeal was taken.
*434 To establish entitlement to PTD benefits, the claimant must prove that his physical limitations prevent him from uninterruptedly performing even light work. § 440.15(1)(b), Fla. Stat. (1981). PTD may be established where the physical restrictions placed on the claimant effectively eliminate all types of employment within his qualifications; specific medical evidence of total inability to work is not a prerequisite to a PTD award. See Bill's Equipment and Rentals v. Teel, 498 So.2d 536 (Fla. 1st DCA 1986). Even without medical restrictions against light work, a claimant can establish entitlement to PTD through evidence of a lengthy yet unsuccessful job search. See Holiday Inn v. Sallee, 496 So.2d 227 (Fla. 1st DCA 1986).
Although the record in the case at hand contains competent substantial evidence supporting a finding of PTD, the JCC failed to address this evidence in the compensation order. Thus, the extensive restrictions imposed by Dr. Evans are not cited as a basis for PTD. Neither does the JCC mention claimant's extensive but unsuccessful job search, although the employer/carrier's (e/c's) challenge to such search took up much of the hearing. Instead, the JCC chose to base the PTD award on claimant's drug dependency, finding that claimant's need for drugs to control pain prevented him from performing gainful employment.
We find the JCC's order incorrect, regardless of how one interprets such order. According to the e/c's interpretation, the JCC found claimant's drug dependency to be an accident-related condition which prevented his return to work. Under this interpretation, the JCC erred in awarding PTD because the drug dependency was capable of further treatment; overall MMI had not yet been obtained, and the PTD finding was premature.
According to claimant's interpretation, the JCC only found an orthopedic condition on which MMI had been obtained according to Dr. Evans' testimony. To the extent that claimant required an alternative to medications as a method of dealing with pain, this represented palliative care that would not have an effect upon MMI or PTD. Under this interpretation, however, the JCC's order is not supported by competent substantial evidence. There was no medical testimony establishing claimant's inability to perform light work uninterruptedly due to his medication. The only restriction resulting from claimant's use of medication was that he should not drive while taking a muscle relaxant. Moreover it was not established that prospective employers refused to hire claimant due to his use of medications.
Acceptance of the e/c's interpretation would require a reversal of the JCC's order and a remand for continuance of wage loss benefits until claimant attains MMI for his drug dependency problem. Although claimant's interpretation would also require reversal,[1] it would permit a remand so that the JCC could consider the physical restrictions and unsuccessful job search in determining whether claimant established his inability to perform light work uninterruptedly.
We find claimant's interpretation of the order to be more reasonable than that suggested by the e/c. It is clear that the JCC viewed claimant's need for medication as an incident of the orthopedic problem; this need was not a separate condition requiring treatment. Consequently, we find no error in the finding of MMI. However, the case must be and is hereby remanded for consideration of the claimant's job search and physical restrictions.
AFFIRMED in part, REVERSED in part for further proceedings consistent with this opinion.
SHIVERS, C.J., and JOANOS, J., concur.
NOTES
[1] Of course, claimant does not concede that reversal is required. Rather, claimant would affirm the PTD award by ignoring that portion of the order which bases PTD on drug dependency. Although such an approach would find competent substantial evidence to support the PTD award, it is based upon a misreading of the JCC's order.