636 So.2d 773 (1994)
Cyril HANNA, Appellant,
v.
INDUSTRIAL LABOR SERVICE, INC., and Fidelity Casualty Company of New York, Appellees.
No. 92-3304.
District Court of Appeal of Florida, First District.
April 13, 1994.
*774 Jerold Feuer, Miami, for appellant.
Heskin A. Whittaker & Gary L. Stump, of Whittaker, Stump, Webster, Miller & Smith, P.A., Orlando, for appellees.
MICKLE, Judge.
Claimant, Cyril Hanna, who is incarcerated in a Florida prison, appeals from an order of the judge of compensation claims (JCC) dismissing his claim. We reverse and remand to allow the JCC to make express written findings of ultimate facts in accordance with section 440.25(3)(e), Florida Statutes (1989). Commonwealth Fed. Savings & Loan Ass'n v. Tubero, 569 So.2d 1271 (Fla. 1990).
*775 Based on an alleged industrial accident on June 20, 1990, a notice of injury and a claim for benefits were filed in July and August 1990, respectively. The claim was amended subsequently. The following is alleged to have occurred: the Employer/Carrier (E/C) filed a first notice of Claimant's deposition to be taken on September 6, 1990, Claimant's trial counsel did not know where his client was, and a certificate of non-attendance was issued when Claimant failed to appear. A pretrial conference was held on December 10, 1990, the E/C controverted the claim, and no medical treatment was authorized. A hearing date was set for June 5, 1991. A second deposition was set for January 29, 1991, and a third deposition was scheduled apparently for exactly a year later, on January 29, 1992, yet Claimant attended neither one, and the second and third certificates of non-attendance were issued.
On February 6, 1992, the E/C filed a motion to dismiss, with prejudice, the claim for benefits. The motion alleged the following grounds: 1) After the initial scheduled deposition in 1990, the E/C had moved to dismiss, and at the hearing on that motion, Claimant's trial counsel had represented that if he could not locate his client, then counsel would voluntarily dismiss the claim and would notify Claimant via a certified letter to his last known address. 2) As of January 30, 1992, Claimant's attorney had neither dismissed the claim nor notified his client. 3) Claimant's whereabouts were unknown. On March 5, 1992, the JCC issued an order and notice of pretrial hearing set for March 16, 1992. The motion to dismiss was denied, and in an order dated March 16, 1992, the JCC set a hearing date on August 14, 1992. The E/C attempted to schedule a fourth deposition sometime in March 1992, and another certificate of non-attendance was issued.
The record contains a purported fifth notice of Claimant's deposition, to be taken on June 2, 1992, "at the 33rd Street Jail, Orlando, Florida." That deposition was taken, in fact, at the jail holding facility in the presence of attorneys for both sides.
The E/C allege that another motion to dismiss was filed on August 6, 1992, and that it was to be considered in the previously scheduled August hearing. On August 13, 1992, one day before hearing, Claimant's trial counsel filed a motion for continuance alleging that Claimant's case was prejudiced due to the failure of a doctor to appear at either of two scheduled depositions or to give prior notice of intent not to appear. Alternatively, counsel requested an order allowing a posthearing medical deposition. On that date, the JCC was first advised that Claimant was in jail. In an order dated the same day, the JCC granted the motion for continuance.
The next morning, August 14, 1992, counsel for Claimant and the E/C appeared before the JCC, without Claimant, whereupon the E/C's counsel objected to the motion for continuance and asserted that Claimant's counsel had not notified him of the continuance until immediately before the hearing. Additionally, the E/C's counsel expressed his belief that the fourth motion to dismiss was scheduled to be heard at that hearing, and he asked the JCC to dismiss the claim on the following grounds: 1) Claimant's benefits ceased during any period of incarceration, pursuant to section 440.15(8), Florida Statutes. 2) Claimant was responsible for discovery deficiencies that unnecessarily prolonged the litigation and evinced a lack of diligent prosecution.
Without objection, Claimant's trial counsel relied on his letter dated March 12, 1992, notifying the E/C's counsel that Claimant had been located in jail and requesting that the deposition date be rescheduled to take place in the jail cell. As noted, the fifth attempt to depose Claimant was successful, and the deposition was taken two and one-half months prior to the hearing.
At hearing, the attorneys argued over the reasons for the cancellation of the medical deposition sought by Claimant. When asked by the JCC whether he had finished his discussion, Claimant's lawyer answered in the affirmative. At that point, the JCC announced summarily that the claim was dismissed. That decision was reduced to writing in an order that characterized the August 14, 1992, hearing as one "on the merits of the cause and Employer/Carrier's Motion to Dismiss the claim herein."
*776 On appeal, the standard of review of orders such as the one challenged here is whether the JCC abused discretion. In re Estate of Brandt, 613 So.2d 1365 (Fla. 1st DCA 1993). On appeal, Claimant contends that the order must be reversed because the JCC dismissed the claim without explanation, possibly for Claimant's failure to appear for depositions or due to the provisions in section 440.15(8), Florida Statutes. Claimant asserts harm in that, due to the statute of limitations, the order effectively constitutes a dismissal with prejudice.
We agree that the order must be reversed, as we cannot determine either from the hearing transcript or the order what specific facts or legal grounds served as the basis of the JCC's ruling. Rodriguez v. Thermal Dynamics, Inc., 582 So.2d 805 (Fla. 3d DCA 1991); Iafornaro v. Charter Builders, 557 So.2d 898 (Fla. 1st DCA 1990); Grieco v. Lehigh Corp., 549 So.2d 748 (Fla. 1st DCA 1989) (assuming JCC's order of dismissal was a denial of the claim on the merits, the order constituted reversible error for failure to set forth findings of ultimate facts). In the interest of expediting the JCC's review on remand, we think a few comments are in order concerning the arguments raised by Claimant on appeal.
First, the dismissal may have been based on Claimant's failure to appear for scheduled depositions. "Reasonable notice" of a deposition must be given in writing to all parties. Fla.R.Civ.P. 1.310(b)(1). Broward Industrial Plating, Inc. v. Weiby, 394 So.2d 1117 (Fla. 1st DCA 1981). We find it noteworthy that at the August 14, 1992, hearing, counsel for the E/C acknowledged that the JCC's denial of the initial motion to dismiss, to afford counsel an opportunity to locate Claimant following his first non-appearance, was "reasonable." Even as to Claimant's second failure to appear, and his attorney's attempt to locate him and provide him with written notification, the E/C's counsel described this as a situation that "happens to all of us" and is "understandable from time to time." The record indicates that by the time Claimant's third deposition was scheduled, the "missing" deponent was in jail in Orlando. Once Claimant was located, his counsel promptly notified the E/C's counsel so that arrangements to take the deposition at the holding facility could be made. See Beauchamp v. Collins, 500 So.2d 294 (Fla. 3d DCA 1986) (failure to comply with discovery request did not warrant dismissal with prejudice, where plaintiffs essentially complied with requests well in advance of trial), rev. den., 511 So.2d 297 (Fla. 1987).
Clearly, in appropriate circumstances, the JCC is authorized to impose sanctions for failure to comply with the provisions in the workers' compensation statutes and rules, including those provisions governing the taking of depositions. § 440.30 & 440.33, Fla. Stat.; Fla.R.Work.Comp. 4.090(a) (discovery); Fla.R.Civ.P. 1.380(d). Fla. R.Work.Comp. 4.150 includes "dismissal of proceedings" among the permissible sanctions upon failure to comply with the provisions of the rules. See John Gaul Constr. Co. v. Harbin, 247 So.2d 33 (Fla. 1971) (JCC as matter of law is authorized to dismiss claim where claimant fails to submit to statutorily required medical examination and does not appear for scheduled deposition). Claimant's counsel asserts that the JCC never issued an order requiring Claimant to appear for deposition. The E/C did not contend otherwise, and we find no such order in the appellate record. Additionally, Claimant's counsel suggests that it was impossible for Claimant to attend at least one of the prior scheduled depositions. The challenged order includes no findings as to whether any of the four non-appearances arose from Claimant's willful behavior or bad faith. The sanctions provisions in the rules governing discovery are intended to effect compliance, not to punish. Hurley v. Werly, 203 So.2d 530 (Fla. 2d DCA 1967). Under these peculiar circumstances, and given the uncertainties in the record and the deficiencies in the order, we can discern no basis for the drastic sanction of dismissal for non-appearance. Stimpson Computing Scale Co., Inc. v. Knuck, 508 So.2d 482 (Fla. 3d DCA 1987) (tardy production of document linking party to product in products liability action did not warrant dismissal of action and entry of default); Wallraff v. T.G.I. Friday's, Inc., 490 So.2d 50 (Fla. 1986); Besco Equipment Co., Inc. v. Golden Loaf Bakery, Inc., 458 So.2d 330 (Fla. 5th DCA 1984).
*777 Second, it is suggested that an alternative basis for the JCC's decision may have been section 440.15(8), Florida Statutes, which provides that if "an employee becomes an inmate of a public institution, then no compensation shall be payable unless he has dependent upon him for support a person or persons defined as dependents elsewhere in [Chapter 440, Florida Statutes]." No finding was made below as to whether one or more dependents exist, for purposes of subsection (8). Additionally, we note that the claim for benefits embraces certain periods when Claimant was not incarcerated. If we assume, without deciding, that the legislative objective underlying subsection (8) is to halt the practice of "double dipping," i.e., to prevent a claimant from receiving compensation when, as a public inmate, the individual is already supported by the state, then the periods of non-incarceration for which a claim is made would lie outside the ambit of the statutory prohibition. See Walker v. City of Tampa, 520 So.2d 66, 68 (Fla. 1st DCA), cause dism., 523 So.2d 576 (Fla. 1988). Cf. Davis v. Bowen, 825 F.2d 799 (4th Cir.1987) (holding legitimate Congress' blanket suspension of social security retirement benefits for incarcerated felons, based on public policy favoring conservation of resources where prisoner's basic economic needs are provided from other sources), cert. den., 484 U.S. 1069, 108 S.Ct. 1036, 98 L.Ed.2d 1000 (1988). The E/C have not addressed Claimant's specific distinction between benefits sought for incarcerative vs. non-incarcerative periods. Furthermore, the only motion to dismiss that appears in the record does not include a defense expressly relying on section 440.15(8), Florida Statutes. See Donner v. Smith, 517 So.2d 709 (Fla. 4th DCA 1987) (absent adequate notice and opportunity to be heard, dismissal of civil personal injury litigant's suit for failure to comply with court order was reversible error, where alleged violation was raised merely ore tenus rather than as a ground stated in the motion to dismiss). Claimant should be given a reasonable opportunity to argue whether or not section 440.15(8), Florida Statutes, affects his claim. See Leone v. Florida Power Corp., 567 So.2d 992 (Fla. 1st DCA 1990) (where incarceration prevented inmate's appearance at hearing on motion to dismiss his workers' compensation claim, JCC's dismissal of claim without addressing claimant's inability to attend violated due process rights).
We have held repeatedly that "the severity of the sanction should be commensurate with the violation; dismissal is inappropriate when the moving party is unable to demonstrate meaningful prejudice." Neal v. Neal, 636 So.2d 810, 812 (Fla. 1st DCA 1994) (on mot. for clarification). Dismissal is a "drastic remedy" that should be used only in "extreme situations." Carr v. Dean Steel Buildings, Inc., 619 So.2d 392 (Fla. 1st DCA 1993). Claimant's requested deposition was taken several months before the August 1992 hearing. Cf. Mercer v. Raine, 443 So.2d 944 (Fla. 1983) (affirming order granting sanctions for violations of discovery rules, where defendant knew what was going on, totally disregarded the consequences, and neither attempted to comply with discovery order nor communicated any explanation or excuse by date of motion hearing). The instant order does not specifically address whether or not the E/C were meaningfully prejudiced by the acts or omissions of Claimant or his counsel.
Accordingly, we must REVERSE the order and REMAND for the JCC to make appropriate findings. We decline to comment further as to the merits of the claim.
REVERSED and REMANDED.
ERVIN and DAVIS, JJ., concur.