PER CURIAM.
Appellants, Merritt Manor Nursing Home and Constitution State Service Company (employer and carrier respectively, hereinafter “E/C”), appeal an order of the Judge of Compensation Claims (“JCC”) awarding the claimant PTD benefits. We affirm.
The E/C argue that Dr. Kaplan’s testimony was inadmissible pursuant to section 440.13(5)(e), Florida Statutes (Supp.1994), because Dr. Kaplan was an unauthorized independent medical examiner. The claimant’s industrial accident occurred on June 20,1993. Because the application of section 440.13(5)(e), Florida Statutes (Supp.1994), to exclude Dr. Kaplan’s testimony would alter the parties’ substantive rights, we hold that statute is inapplicable and therefore the JCC did not err in considering the testimony of Dr. Kaplan. See Southern Bakeries v. Cooper, 659 So.2d 339 (Fla. 1st DCA 1995).
The E/C argue that the JCC erred in awarding PTD benefits in the absence of a showing that claimant suffered a catastrophic injury pursuant to section 440.15(l)(b), Florida Statutes (Supp.1994). Under section 440.15(l)(b), Florida Statutes (Supp.1994), only claimants with catastrophic injuries, as defined by section 440.02, Florida Statutes (Supp.1994), are eligible for PTD benefits. We hold that section 440.15(1)(b), Florida Statutes (Supp.1994), also is not applicable to the present ease because application of the statute would affect the claimant’s right to compensation and thereby impairs a party’s substantive rights. See, e.g., Webb v. Hills Van Serv., 414 So.2d 262 (Fla. 1st DCA 1982) (statute which affected entitlement to, and source of payment of, an attorney’s fee, was substantive). The statute in effect on the date of the claimant’s injury must be applied when it is a substantive provision. See Sullivan v. Mayo, 121 So.2d 424 (Fla.1960), cert. denied, 133 So.2d 647 (Fla.1961); Southern Bakeries v. Cooper, 659 So.2d 339 (Fla. 1st DCA 1995).
The E/C argue, in the alternative, that there is no competent substantial evidence to support the JCC’s award of PTD benefits under section 440.15(l)(b), Florida Statutes (1993). We have reviewed the record, and find competent substantial evidence to support the JCC’s award of PTD benefits.
Accordingly, the order of the JCC is AFFIRMED.
ALLEN and DAVIS, JJ., and SHIVERS, Senior Judge, concur.