KAHN, Judge.
The claimant, Enedina Herrera, appeals from a compensation order awarding temporary partial disability and wage loss benefits, but denying her request for permanent total disability. Because the order on appeal does not comport with requirements established for workers’ compensation orders, we reverse and remand for further proceedings.
The very brief order contains the following pertinent paragraphs:
2. That the Claimant reached Maximum Medical Improvement on December 8, 1992, with a 14% permanent physical impairment rating according to Dr. Merritt, which I accept.
6. That the Claimant has performed a good faith job search and has followed a procedure, or a substantial period in advance of the hiring of the Employer/Carrier’s own employment expert, RTW, that appears identified to the procedure used by RTW, and I find it incongruous of the Employer/Carrier to defend by claiming failure in “good faith” to look for employment, when the method used by the Claimant prior to the employment of RTW was the same method used by RTW. Further, it appears that RTW was providing names of potential employers, to the Claimant, to which she was incapable of performing. 8. That I find from the evidence that the Claimant is not PTD.
The judge of compensation claims (JCC) awarded certain periods of temporary partial disability and wage loss benefits. Claimant argues that she should have received an award of permanent total disability benefits, or at the least, she is entitled to an order more clearly elucidating the JCC’s analysis of the factors which led him to deny the claim. We have no desire at all to impose burdensome fact finding requirements on judges of compensation claims. This case, however, points out why this court has stressed the importance of adequate factual findings as an essential element of an order entered by the JCC. See, e.g., Wal Mart Stores, Inc. v. Brewer, 648 So.2d 264, 265 (Fla. 1st DCA 1995); Hanna v. Industrial Labor Serv., Inc., 636 So.2d 773, 776 (Fla. 1st DCA 1994); Courtesy Corp. v. Holland, 538 So.2d 545, 547 (Fla. 1st DCA 1989); Broadfoot v. Albert Hugo Ass’n, 478 So.2d 863, 864 (Fla. 1st DCA 1985); Venable v. Grandeur Arabians, 464 So.2d 625, 625-26 (Fla. 1st DCA 1985). Indeed, the workers’ compensation statute provides that “[t]he order making an award or rejecting the claim ... shall set forth the findings of ultimate facts....” § 440.25(3)(e), Fla.Stat. (1993).
The inclusion of such findings serves two basic, but important, functions. First, adequate explanation of a result advises the parties of the judge’s rationale and should deter unnecessary appeals. Further, if an appeal proves necessary, the findings provide the reviewing court with a means of evaluating the judge’s exercise of discretion in determining the factual issues.
Permanent total disability is to be determined by the JCC in accordance with the facts. § 440.15(l)(b), Fla.Stat. (1993). The burden is upon the employee to establish inability to uninterruptedly do even light work available within a 100 mile radius of the injured employee’s residence due to physical limitations. Id. A permanent total disability case may be proven by medical evidence that a claimant is unable to do light work uninterruptedly due to physical limitations. Carter v. City of Venice, 584 So.2d 577, 578 (Fla. 1st DCA 1991); Kaiser Alum. & Chem. v. Taylor, 578 So.2d 432, 434 (Fla. 1st DCA 1991); U.S. Foundry & Mfg. Co. v. Serpa, 564 So.2d 559, 561 (Fla. 1st DCA 1990). Even without medical restrictions against light work, a claimant can establish entitlement to permanent total disability through evidence of a lengthy yet unsuccessful job search. Kaiser Alum., 578 So.2d at 434; see Carter, 584 So.2d at 578. Entitlement to permanent to *441 tal disability may be shown as well by a combination of medical proof of a substantial permanent impairment and vocational evidence that a claimant is unemployable. Pan Am. Bank v. Glinski, 584 So.2d 52, 53-54 (Fla. 1st DCA1991). In the present case the JCC found a substantial physical impairment and expressly accepted the testimony of the physician who assigned that impairment. This physician, Dr. Merritt, limited claimant to maximum lifting of ten pounds, lifting or carrying of small items, and walking or standing less than one-third of the time. Herrera was to refrain from any activity which increased her physical discomfort or fatigued her, from working in awkward postures, from working with her arms above shoulder level, and from forward bending. According to Dr. Merritt, Herrera was unable to return to her former work activities with appellee.
The JCC also found that claimant “has performed a good faith job search.” The judge specifically approved of the method utilized by claimant in looking for jobs. Given the judge’s observations with regard to physical impairment and restriction, and the job search, it is beyond our ability to determine what factors led the judge to deny the claim and, more importantly, to test the sufficiency of those factors against competent substantial evidence contained in the record.
We will not reverse a compensation order supported by competent substantial evidence simply because an appellate judge thinks that the judge of compensation claims could have, or should have, made more detailed or different findings. In the present ease, however, as well as in the eases cited in this opinion, the reviewing court is unable to fulfill its task of evaluating the JCC’s disposition of the matter by reference to the competent substantial evidence standard. Accordingly, the order on appeal is
REVERSED and REMANDED.
BARFIELD, J., and SHIVERS, Senior Judge, concur.