DAVIS, Judge.
Appellants, Sugar Cane Growers Cooperative and Professional Administrators, Inc., employer and carrier respectively, appeal the award of permanent total disability benefits to Bovell McLean. Mr. McLean was injured twice while in the employ of Sugar Cane Growers Cooperative as a seasonal worker. His first compensable injury occurred in November 1992, the second on January 21,1993. Finding competent substantial evidence to support the ruling that Mr. McLean is permanently and totally disabled, we affirm.
The Judge of Compensation Claims ruled that claimant is permanently and totally disabled on alternative grounds. We find that the judge did not err in interpreting the medical testimony as establishing that the claimant is permanently and totally disabled due to an inability to perform light work uninterruptedly on a continuous basis due to physical limitations. See Roll v. Sebastian Inlet, 609 So.2d 674, 676 (Fla. 1st DCA 1992); see also Herrera v. Hojo Inn Maingate, 680 So.2d 439 (Fla. 1st DCA 1996).
We also find competent substantial evidence to support the finding that the job offered to the claimant was sheltered employment. “The determination that a particular job is sheltered employment is, like many other matters that arise in workers’ compensation cases, a largely factual issue.” Wal-Mart Stores v. Liggon, 668 So.2d 259, 271 (Fla. 1st DCA 1996). Employment in a regular job may be considered sheltered, when, as here, the claimant is permitted to regulate his own hours to accommodate his disability. See Shaw v. Publix Supermarkets, Inc., 609 So.2d 683 (Fla. 1st DCA 1992); Lovell Bros., Inc. v. Kittles, 518 So.2d 319, 320-21 (Fla. 1st DCA 1987).
The judge did err in concluding that sections 440.02(34)(f) and 440.15(1)(b), Florida Statutes (1994), relating permanent total disability to catastrophic injuries as defined in the Federal Social Security Act were procedural burden of proof amendments which could be applied retroactively. See Merritt Manor Nursing Home v. Caldwell, 667 So.2d 265 (Fla. 1st DCA 1995). However, that was harmless error as it was merely an alternative holding. We find no merit to appellants’ remaining arguments.
*858 Accordingly, the order reclassifying Mr. McLean as permanently and totally disabled is AFFIRMED.
KAHN and BENTON, JJ., concur.