381 So.2d 1156 (1980)
LANCASTER YOUTH DEVELOPMENT CENTER and Kemper Insurance Company, Appellants,
v.
William L. WATERS, Appellee.
No. QQ-383.
District Court of Appeal of Florida, First District.
March 7, 1980.
Rehearing Denied April 16, 1980.
*1157 Barry D. Graves, Gainesville, for appellants.
J. Randall Hooper of Scruggs, Carmichael, Long, Tomlinson, Roscow, Pridgeon, Helpling & Young, Gainesville, for appellee.
PER CURIAM.
The appellants, Lancaster Youth Development Center and Kemper Insurance Company, appeal a final workers' compensation order entered July 5, 1979, which awarded appellee, William L. Waters, permanent total disability benefits. Appellants raise the following points on appeal:
1. Whether the deputy commissioner erred in finding appellee was permanently and totally disabled as a result of his industrial accident, in that this finding is unsupported by the evidence, contrary to the law of the case, and contrary to the specific findings of the Industrial Relations Commission in a previous order entered for this case on February 21, 1979.
2. Whether the deputy erred in failing to apportion appellee's present disability between his condition resulting from the compensable accident, and his subsequently occurring non-related heart disease, in that this failure to apportion is contrary to the law, to the law of the case, and to the specific findings of the Industrial Relations Commission's order of February 21, 1979.
Due to the lengthy history of this cause, which has been the subject of three appeals, we wish to explicate our reasons for affirming the deputy's order on both points.
*1158 Appellee, age 59, has a third grade education and job history in manual labor. On February 7, 1974, while working as a mechanic and boiler repairman for appellant employer, he slipped and fell into a hole, injuring his back. Surgical removal of a herniated disc subsequently was performed on March 31, 1975. The treating physician, Dr. Parr, opined appellee reached maximum medical improvement on August 6, 1975, with a permanent partial impairment of 36% of the body as a whole. Dr. Parr did not believe appellee could return to this former strenuous work, but the doctor felt appellee could perform light duty work as of that date. Appellee has not worked since his back surgery. Although appellee did apply to the employer regarding the possibility of further work a few weeks after reaching maximum medical improvement, he testified the personnel manager would not allow him to return to work.
Appellee testified his back condition worsened shortly after this interview. On February 12, 1976, a neurologist recommended further exploratory surgery regarding a nerve root deficiency. Appellee complained of chest pains during the same week. On February 17, 1976, a physician on call for cardiology, Dr. Sholte, diagnosed heart disease with various complications. Appellee underwent coronary bypass surgery on February 20, 1976, and has since required further surgical procedures for his heart condition. Following the surgery, appellee contacted both his former employer and the Florida State Employment Service regarding the possibility of employment. However, he did not follow up several prospects for placement, testifying his back and leg pain precluded him from applying for any job requiring physical labor.
Both Dr. Parr and Dr. Sholte testified appellee's serious heart condition made further back surgery inadvisable. Dr. Parr opined appellee was totally disabled due to his radiating back pain and cardiac condition, while Dr. Parr testified the combination of back and heart problems had worsened because of the extended period of inactivity required by appellee's heart condition. Dr. Parr also stated, "I think his back is such that it would totally disable him now, even if he did not have any heart problem...." Dr. Sholte testified that he was unqualified to say whether the back problem had been disabling, but that most of appellee's limitation was due to cardiac disease at the time of the initial heart surgery. Dr. Sholte also testified that appellee has a 20-30% chance of surviving five years because of his coronary condition.
Following the first hearing on the claim for compensation, the deputy found the appellee was permanently, totally disabled in an order entered February 9, 1978. The employer/carrier appealed this order, and the Industrial Relations Commission ordered a trial de novo because the record of the hearing was not transcribed. A second hearing was held July 14, 1978, and the deputy again found appellee was permanently, totally disabled in an order entered August 3, 1978. The employer/carrier appealed a second time. In an order entered February 21, 1979, the Industrial Relations Commission reversed the deputy's second order, and remanded the cause to the deputy (then denominated the Judge of Industrial Claims). The Commission's order provided:
The JIC's finding that the claimant is permanently totally disabled from his back injury is erroneous because it ignores clear precedent requiring a sincere work search if a claimant is not patently, totally disabled. (e.s.)
Moreover, the Commission noted that the deputy had failed to rule on the expressly raised apportionment defense that part of appellee's current disability was due to the unrelated heart condition. The Commission stated:
The Judge must "carve out" the unrelated anatomical impairment if he finds it is presently causing disability. (e.s.)
Without further hearing, the deputy entered a third order on July 5, 1979, from which the employer/carrier now appeals. The deputy found, first, that appellee was "patently permanently and totally disabled *1159 as a result of the industrial accident, irrespective of any additional disability created by his heart condition." Secondly, the deputy found that the employer/carrier was not entitled to apportionment due to the heart condition because "claimant had already become permanently and totally disabled before his condition began to manifest itself in February, 1976."
Because there is competent and substantial evidence in the record to support these findings, we affirm both points on appeal. Appellee's testimony supports the deputy's finding appellee was permanently and totally disabled from his back condition. He testified his back had deteriorated dramatically shortly after the maximum medical improvement date of August 6, 1975. This deterioration occurred long before the onset of appellee's heart condition. Corroborating appellee's testimony, the record reveals that his neurologist recommended further back surgery in February, 1976. Since the evidence was competent and substantial to show appellee was totally disabled due to his back condition, the deputy did not err in awarding permanent total disability benefits, despite appellee's apparent failure to test his employability before the onset of his heart condition. Competent substantial evidence supports a finding of permanent total disability, even where a claimant has not fulfilled the job search requirement, if a claimant is obviously unable to perform even light work without interruption. Chicken 'N Things v. Murray, IRC Order 2-2725 (February 6, 1975), cert. denied 329 So.2d 302 (Fla. 1976); Ross v. Roy, 234 So.2d 99 (Fla. 1970).
We note that the conditional language of the Industrial Relations Commission's order did not preclude the deputy from finding appellee was permanently totally disabled if the deputy found that appellee could not perform a job search as a result of permanent and total disability from his back condition. The Commission's order reiterated that the work search requirement applied only "if the claimant is not patently, totally disabled." (e.s.) Nowhere in the Commission's order does the Commission specify that the deputy could not find the appellee was patently permanently and totally disabled; therefore, the Commission's order was not res judicata on the issue, and he could properly conclude appellee's permanently and totally disabling back condition rendered the job search requirement meaningless.
Regarding point two, the deputy also properly concluded apportionment was unnecessary, based on his finding the back condition by itself constituted a permanent total disability, regardless of the heart condition's disabling effects. The doctors could not testify with any certainty as to what extent claimant's disability was caused by his back condition and to what extent caused by his heart condition. (Dr. Parr did opine that claimant's back condition could have resulted in total disability, even if no heart condition was present.)
We note that the Industrial Relations Commission's order was not res judicata of the issue of apportionment. The Commission's order merely reminded the deputy to carve out the unrelated anatomical impairment due to the heart condition "if he finds it is presently causing disability." (e.s.)
Accordingly, we find no merit to appellants' contentions that the appealed findings are unsupported by the evidence, contrary to the law and to the law of the case, and contrary to the specific instructions of the Industrial Relations Commission's previous order, the deputy commissioner's order is affirmed.
ERVIN, SHIVERS and SHAW, JJ., concur.