THOMPSON, Judge.
The employer/carrier (E/C) appeal a workers’ compensation order awarding permanent total disability (PTD) benefits. The E/C contend that claimant has not suffered any change in condition which would warrant modification of a prior compensation order to award permanent total disability benefits, and that claimant has failed to conduct a good faith work search, a prerequisite to an award of PTD benefits in the absence of medical evidence of total inability to work. We find that there was sufficient competent substantial evidence to support the deputy’s determination that claimant’s condition has changed for the worse, but we agree that claimant’s work search was inadequate and reverse as to this issue.
Claimant is a 52-year-old woman with a very limited education and with no significant employment experience not involving manual labor. As a result of industrial injuries sustained on January 30, 1978, claimant has a 50% permanent impairment of the right leg and a 10% permanent impairment of the body as a whole due to back and neck problems. In addition to these orthopedic injuries, claimant has serious, noncompensable medical problems. Dr. Genovese, claimant’s treating orthopedist, testified that claimant’s limitations precluded overhead work or constant bending of the neck, and continuous sitting, standing, walking, or kneeling. Dr. Genovese further testified that claimant would need to rest periodically during the day, and that there *1176 would be days when contemporaneous flareups of claimant’s several orthopedic injuries would require bed rest. Dr. Gold-stein, an examining orthopedist, agreed that claimant had significant limitations and was disabled from performing manual labor. Dr. Goldstein felt that claimant’s orthopedic injuries would not prevent her from performing clerical or other light duty work on a part-time basis.
The claimant testified that she had attempted to find appropriate employment through the Florida State Employment Service and through the Rehabilitation Section of the Division of Workers’ Compensation. Claimant further testified that she had inquired about work with four telephone solicitation services, at a restaurant, at a sales office which needed part-time help, and with two employers who were seeking domestic help. From the record, it is clear that claimant would have been unable to perform the tasks of a maid or a restaurant worker. The same cannot be said of the part-time sales and telephone solicitation positions, which claimant felt she could handle if permitted to work at her own convenience. She testified she rejected the telephone solicitation jobs because the employers expected her to regularly work a four-hour shift. On each occasion when claimant contacted the employment service, the vocational rehabilitation section, or the private employers, she stated that she would only be able to work when she felt like it. Because claimant professed an inability to work regularly at any job, the employment service did not procure her any interviews and the vocational rehabilitation section was unable to obtain a work evaluation or place claimant in any training program.
We are aware that a claimant who is patently totally disabled, or who is incapable of uninterruptedly performing even light work may properly be found PTD even though no adequate work search has been conducted. Lancaster Youth Development Center v. Waters, 381 So.2d 1156 (Fla. 1st DCA 1980). Here, however, claimant is not patently totally disabled, and the deputy did not so find in his order. Although there was evidence that claimant could not work at any job which would not permit her to alternately sit or stand, and to take brief rest periods, there was no evidence other than claimant’s own testimony that she would be unable to uninterruptedly perform part-time work such as telephone solicitation. The deputy’s award of PTD benefits was not based on any finding that claimant was patently disabled or could not uninterruptedly perform any work. It was based on a finding that claimant had tested the job market by conducting an adequate work search within her limitations, thus proving her unemployability. Although we would not quarrel with the deputy’s implicit determination that claimant sought some appropriate types of work and made a sufficient number of contacts with private employers and with the employment and rehabilitation services, we are unable to agree that claimant has adequately tested the open labor market. On each occasion when claimant contacted the employers and referral services, she stated that she was unable to work except when she felt like it. She refused to attempt to perform work as a telephone solicitor because the employers expected her to regularly work four hours per day. Although there was evidence that exacerba-tions of claimant’s several physical problems would occasionally combine to require her to remain at bedrest throughout the day, there was no evidence as to how often this would happen, and thus there is no evidence that claimant is any different from other persons who occasionally miss work due to illness, injury, or flareups of chronic physical problems. The claimant refused, based upon self-imposed limitations, to undergo work evaluation for rehabilitation purposes, or to attempt to perform work which would have been within her physical capabilities but for the self-imposed limitations. In short, she did not try. We are unable to approve as adequate a work search wherein the claimant tells potential employers that she will work only when she feels like it. We do not feel that the result reached herein is excessively harsh, because, should rehabilitation efforts prove unsuccessful, the claimant may apply *1177 for a reconsideration of the adequacy of her efforts to obtain gainful employment. Flesche v. Interstate Warehouse, 411 So.2d 919 (Fla. 1st DCA 1981).
REVERSED.
LARRY G. SMITH and JOANOS, JJ., concur.