430 So.2d 968 (1983)
BROWARD COUNTY SHERIFF'S OFFICE, Broward County Board of County Commissioners, Appellants,
v.
Wesley A. WILLIAMS and Florida Insurance Guaranty Association, Appellees.
No. AK-297.
District Court of Appeal of Florida, First District.
May 4, 1983.
*969 Robert E. Huebner of Huebner, Murray & Fulton, Fort Lauderdale, for appellants.
Walter G. Campbell, Jr. of Krupnick & Campbell, Fort Lauderdale, and Richard A. Barnett, Hollywood, for appellee Wesley A. Williams.
Susan J. Silverman of Marlow, Shofi, Ortmayer, Smith, Connell & Valerius, Miami, for appellee Florida Ins. Guaranty Ass'n.
THOMPSON, Judge.
The employer brings this appeal from a compensation order awarding, inter alia, permanent total disability benefits. We reverse.
While acting in the course of his employment as a deputy sheriff, the claimant sustained serious neck and back injuries as a result of accidents occurring on January 27, 1977, August 30, 1979, and May 14, 1980. At hearings conducted on August 11, 1981, and December 14, 1981, claimant adduced competent substantial evidence concerning his disability, including evidence that he has a 30% anatomic permanent impairment of the body as a whole. However, during the August 11 hearing, the employer asserted that it was ready and willing to reemploy claimant in the civil division of the sheriff's office or as a bailiff, if claimant could pass a physical examination for those positions. Upon learning of the employer's tentative offer to reemploy claimant, the deputy continued the hearing in order to allow claimant to take the pre-employment physical examination and to attempt working as a bailiff. The physician who subsequently conducted the pre-employment physical examination, and who had been apprised of the duties of a bailiff, found claimant "eminently qualified" to handle such light duty work.
When the hearing reconvened on December 14, the employer adduced evidence that it had twice instructed claimant to report for duty as a civil court bailiff, but that claimant had failed to do so. The claimant acknowledged that he had made no effort to perform the bailiff's job. Although claimant testified at the initial hearing that he was familiar with the duties of civil deputies and of bailiffs in the criminal courts, and that he would be unable to handle such work due to the possibility of becoming involved in physical altercations, we are unable to find any competent substantial evidence in the record that claimant would be unable to handle the duties of a civil court bailiff.
In his order, the deputy ruled that the bailiff's job amounted to sheltered employment, and that the employer had thus failed to demonstrate that work was available which claimant could perform. This ruling was error. The claimant is clearly not patently totally disabled, and there was no competent substantial medical evidence that claimant could not perform the duties of a civil bailiff. The claimant's own belief that he would be unable to handle the work of a bailiff cannot substitute for a good faith attempt to actually do the work. See Newport Industries v. Mathis, 418 So.2d 1175 (Fla. 1st DCA 1982); Walter Glades Condominium v. Morris, 393 So.2d 664 (Fla. 1st DCA 1981).
REVERSED.
MILLS and JOANOS, JJ., concur.