SHIVERS, Judge.
The claimant in this workers’ compensation case appeals the deputy commissioner’s order denying his claim for permanent and total disability benefits and the assessment of penalties on these benefits. We affirm.
Claimant, a right-handed individual, sixty (60) years of age, injured his left arm and shoulder in a compensable accident on January 8, 1979. After two initial surgeries on his shoulder, claimant returned to work in the Bahamas for the employer herein from April of 1979 until February of 1981. The claimant was then transferred to his employer’s office in Fort Lauderdale and continued to work there in an office job until January of 1983 when he was put on “sick leave” for six months. During this latter period of time, claimant underwent two unsuccessful total shoulder replacement operations in June of 1981 and May of 1982, respectively. At the time claimant left his job in January of 1983, he was earning $49,500 a year. Claimant’s salary has increased since returning to work for his employer in 1979.
On February 26, 1983, claimant filed claim for permanent and total disability benefits. At the hearing held on this matter, claimant testified that he has not looked for work since he was put on sick leave in January of 1983. Claimant also testified that the office job in Fort Lauder-dale was created for him by his employer, although he did perform some useful functions in this job. Claimant’s son testified that claimant mows the grass at his house with a power" lawn mower, that claimant cleans up around the house, and, that claimant can drive a car. Additionally, an insurance form filled out by one of claimant’s treating physicians in connection with claimant’s application for long term disability benefits was introduced into evidence. Claimant’s physician checked a box on this form indicating that claimant has severe limitation of functional capacity, incapable of minimal (sedentary) activity (75-100%).
In his order, the deputy found that claimant was not entitled to permanent and total disability benefits, since claimant failed to conduct a work search and claimant was not medically excused from conducting such a work search. We find competent, substantial evidence to support the deputy’s finding that claimant is not entitled to permanent total disability benefits, since we find evidence in the record that claimant is not obviously unable to perform even light work without interruption. See Lancaster Youth Development Ctr. v. Waters, 381 So.2d 1156, 1159 (Fla. 1st DCA 1980). A work search by claimant, therefore, was required. Moreover, we find that claimant’s job with the employer herein was not sheltered employment, and even assuming it was sheltered employment to some extent, such would not preclude a work search under the facts of this case. See University of West Florida v. Nall, 404 So.2d 381 (Fla. 1st DCA 1981).
As to claimant’s contention that he is entitled to penalties on the 60% permanent partial disability benefits awarded, or the permanent total disability that should have been awarded, the record reveals that the deputy’s failure to award penalties was never raised as error within the time available for correction. Section 440.25(4)(a), Florida Statutes (1978 Supp.); Mezquita v. Florida Steel Corp., 419 So.2d 675 (Fla. 1st DCA 1982). Furthermore, penalties under section 440.20(5), Florida Statutes (1978 Supp.), are not applicable to payments of compensation for permanent disability. See Kuhle v. Kirk, 177 So.2d *532 329 (Fla.1965). Accordingly, the deputy’s order is AFFIRMED in all respects.
MILLS and WIGGINTON, JJ., concur.