496 So.2d 227 (1986)
HOLIDAY INN and Adjustco, Inc., Appellants,
v.
Herschel SALLEE, Appellee.
No. BI-332.
District Court of Appeal of Florida, First District.
October 28, 1986.
*228 Harry D. Robinson of Harry D. Robinson, P.A., West Palm Beach, and Debra Levy Neimark of Neimark & Neimark, Coral Springs, for appellants.
Brett K. Findler of Rosenthal & Findler, P.A., West Palm Beach, for appellee.
MILLS, Judge.
Holiday Inn and Adjustco, Inc. (E/C) appeal from an order of the deputy commissioner awarding permanent total disability (PTD) benefits from the date of the hearing and continuing. We affirm.
At the time of the accident herein, Sallee was employed by the E/C as a maintenance man. He was at that time also being treated psychiatrically for a depressive neurosis, for which the military had assigned a 30% service-connected disability just prior to the accident. In March 1981, Sallee injured his lower back while moving heavy furniture and was diagnosed as suffering from chronic lumbosacral strain and sprain. Sallee's physicians did not agree on the date of his maximum medical improvement, but concurred that the injury had left him with some degree of permanent impairment. The E/C paid TTD benefits from 10 March 1981 to 3 March 1982, wage-loss benefits from 4 March 1982 to 31 January 1984 and "rehabilitative" TTD from 1 February 1984 to 29 May 1984. Wage-loss benefits were paid intermittently from 1 July 1984 to 30 July 1985.
Sallee thereafter filed the instant claim for PTD and ongoing psychiatric treatment. It was shown at the hearing that, after his discharge by the E/C in July 1981, Sallee attempted numerous "light-duty" jobs, such as door-to-door sales, telephone solicitation and apartment complex maintenance. He could not remain in any of these jobs for any length of time due to pain from extended walking and sitting. He was also unable to complete a retraining program for machinists due to back pain. Sallee's other job search efforts during this time, all unsuccessful, consisted of reviewing classified ads, inquiring about "help wanted" signs and obtaining lists of government job openings. There was also testimony from a rehabilitation counselor that Sallee was not employable because of *229 a combination of his physical/psychiatric problems.
The D/C entered his order granting Sallee's claim for PTD. He found that, although Sallee's physical injury "was a relatively minor one" which left him physically able to do various types of light-duty work, his pre-existing depressive neurosis made it difficult for him to get along with people, rendering impossible many types of light work otherwise appropriate. The D/C proceeded to find Sallee's work search "adequate and sincere over a period of several months" and granted PTD benefits. He did not address what portion of that disability, if any, was attributable to Sallee's pre-existing psychiatric condition, but denied the claim for ongoing psychiatric treatment, finding that the accident had caused no additional need therefor.
The E/C alleges that there was no competent substantial evidence from which the D/C could find Sallee PTD, pointing out the absence of medical testimony that he could not do even light work uninterruptedly. However, PTD is not limited to claimants with medical restrictions against light work, H.S. Camp & Sons v. Flynn, 450 So.2d 577 (Fla. 1st DCA 1984), provided that a "lengthy, exhaustive job search, unsuccessful since the injury" was performed in its place. Camp; Kennedy v. Marcona Ocean Industries, 451 So.2d 530, 531 (Fla. 1st DCA 1984); West Coast Insulation v. Lee, 464 So.2d 1317, 1318 (Fla. 1st DCA 1985). It is undisputed that Sallee has looked for work continuously since the E/C discharged him and has, in fact, attempted numerous jobs in the "light work" category which he was unable to continue, at least in part, because of the pain of his injury.
The E/C next alleges that Sallee's incapacity to earn is not causally related to the accident and injury and to resulting physical limitation. This court has found such a causal relationship when there is evidence that a claimant is unable to continue in the work in which he has training and experience because of his injury. Carpenters R.V. Service v. Eckert, 455 So.2d 590 (Fla. 1st DCA 1984); National Distillers v. Guthrie, 473 So.2d 806 (Fla. 1st DCA 1985). See also Superior Pontiac v. Hearn, 458 So.2d 1197 (Fla. 1st DCA 1984) (causal connection sufficiently demonstrated by evidence of displacement from former employment because compensable injury left claimant incapable of performing prior job).
Here, there is evidence that Sallee can no longer perform the job in which he has training and experience because of his injury and as well that he was displaced from his former employment with E/C because his injury rendered him incapable of performing it. The required causal connection was sufficiently demonstrated to support the award herein.
Finally, the E/C alleges that the D/C erred in failing to apportion out of the benefits awarded Sallee's pre-existing psychiatric disability. However, the record demonstrates that the E/C did not raise apportionment as a defense to Sallee's PTD claim. The E/C concedes this, but argues that either the defense was implicitly raised by testimony concerning the pre-existing disability or that the provisions of Section 440.02(18), Florida Statutes (1980 Supp.), limiting compensation for aggravation of a pre-existing disease by an industrial accident to that aggravation reasonably attributable to the accident obviated its responsibility to explicitly assert apportionment, as a defense.
The E/C cites no authority for the novel proposition that the D/C must, in each case, rule on the applicability of every provision of Chapter 440 irrespective of the particular issues presented by the parties for resolution. It is well settled that an E/C's failure to preserve issues below waives such questions on appeal. Saunders Contracting v. Clemens, 492 So.2d 1379 (Fla. 1st DCA 1986); Prestressed Systems *230 v. Goff, 486 So.2d 1378 (Fla. 1st DCA 1986).
Affirmed.
BOOTH, C.J., and WENTWORTH, J., concur.