WIGGINTON, Judge.
Claimant appeals from the deputy commissioner’s order denying her claim for permanent total disability benefits. The deputy found claimant capable of doing light work uninterruptedly and concluded that her lack of employment was due to her geographical circumstances, albeit such circumstances were “forced upon her by economic necessity and not by any intention on her part to voluntarily limit her employment.” We reverse.
Since the deputy specifically found that claimant had not voluntarily limited her income, and as he properly found, based on the medical testimony, that claimant was capable of doing some light work, he necessarily predicated his denial of PTD benefits on a conclusion that claimant’s lack of employment was not causally related to her industrial accident. To the contrary, the record indicates that claimant, forty-nine years old at the time of the hearing and having a sixth grade education, had a past vocational history involving work almost exclusively as a waitress or hostess in the restaurant business. She suffered two compensable injuries, the first one to her *285 neck while working for the Sheraton, and the second to her lower back while employed with Tony’s Restaurant. Claimant was forced to stop work in March of 1986 when she underwent a second surgery on her back. She has not worked since then. The vocational rehabilitation counselor who testified before the deputy specifically stated that in light of claimant’s restrictions imposed by her physicians, she had ruled out claimant’s pre-injury occupations. The counselor also testified that if less restrictions had been imposed or if she had been advised that claimant could undertake either of her pre-injury occupations, there would have been a greater job market available in the area in which claimant was then living.
This Court has found a causal relationship between the incapacity to earn and the accident and injury when there is evidence that a claimant is unable to continue the work in which he or she has training and experience because of the disabling effects of the injury. Holiday Inn v. Sallee, 496 So.2d 227 (Fla. 1st DCA 1986); Carpenters R.V. Service v. Eckert, 455 So.2d 590 (Fla. 1st DCA 1984). As in Sallee, here there is evidence that claimant could no longer perform the job in which she had training and experience because of her injuries and concomitant restrictions placed on her by her physicians, and that she was displaced from her former employment because of at least one of her injuries and resultant disability. Thus, the required causal connection was sufficiently demonstrated. As the E/C did not adequately challenge claimant’s job search, Alchar Wholesale Hardware Company v. Mason, 452 So.2d 127 (Fla. 1st DCA 1984), and as the deputy found that claimant had not voluntarily limited her income, we must reverse the order denying the claim for permanent total disability benefits and remand the cause for further proceedings consistent with this opinion.
MILLS and SHIVERS, JJ., concur.