573 So.2d 373 (1991)
Arthur DAVIS, Appellant,
v.
BONDED TRANSPORTATION, INC., and the Travelers, Insurance Company, Appellees.
No. 89-2836.
District Court of Appeal of Florida, First District.
January 10, 1991.
Woodburn S. Wesley, Jr., and Mary Koch Polson of Cotton, Wesley, Poche & Gates, Shalimar, for appellant.
Thomas F. Condon, of Mitchell & Condon, P.A., Pensacola, for appellees.
JOANOS, Judge.
Claimant appeals a workers' compensation order which denied his claim for permanent total disability benefits with prejudice. We affirm the order with respect to the denial of permanent total disability status, but strike that portion of the order purporting to deny the claim with prejudice.
*374 The 52-year old claimant suffered a compensable back injury on September 14, 1985. At the time of his injury claimant had been working as operations manager for employer Bonded Transportation, Inc. He had been an employee of Bonded for twenty-two years.
On October 9, 1985, claimant underwent surgery to repair two herniated discs resulting from the work-related injury. During his recuperative and rehabilitative period, claimant was treated by two orthopedic surgeons and a specialist in physical medicine and rehabilitation. His treating orthopedist, Dr. Hodnett, opined that claimant reached maximum medical improvement as of September 4, 1986, with a one hundred percent permanent impairment rating of the body as a whole with respect to his former job with Bonded, but with a twenty percent impairment of the whole body generally. On June 21, 1986, Dr. Hodnett released claimant to return to sedentary work, with restrictions on bending, squatting, and lifting.
Dr. VerVoort, rehabilitation specialist, examined claimant on November 11, 1988, at the request of employer/carrier. Dr. VerVoort gave claimant a seventeen percent whole man permanent impairment rating. Dr. VerVoort stated that claimant could not return to the type of work he was doing before his accident and injury, but opined that claimant can perform light to light/medium work on a full-time basis. Dr. VerVoort explained that his opinion was based solely on his assessment of claimant's physical capacities, and did not take into account his age or educational level as that would impact upon his ability to obtain a job.
In late 1985, claimant began working with rehabilitation counselors in an effort to return to work. At the direction of these counselors, claimant attended a ten-week seminar on reentry into the job market, attended a weight loss program, learned to write a resume, and checked on job leads. In addition, claimant was referred to Southeastern Vocational Services (SVS) for a comprehensive vocational evaluation. This evaluation revealed that claimant is of average intelligence, and functions within the range of seventh to eleventh grade level. Claimant scored lowest in mathematics; his highest score was in reading comprehension. He scored very low in clerical aptitudes, and has a particular problem with fine motor dexterity.
When asked his conclusions regarding claimant's employability and the area in which he could be employed, Mr. Gilmartin, the SVS director, expressed concern about Dr. VerVoort's opinion that claimant was capable of full-time employment. Mr. Gilmartin and his staff found that claimant's endurance was not sufficient to last a whole day at work on an everyday basis. Mr. Gilmartin also expressed concern about the four-year period that claimant had been away from work, observing that the longer one is away from work due to injury, the more difficult it becomes to return. It was Mr. Gilmartin's belief that claimant was not likely to return to work.
There is uncontroverted record evidence that since the summer of 1986, claimant has conducted a conscientious and extensive work search. He returned to work with Bonded in January 1988, but worked only one day as a packer. Although the one day of work left him sore and stiff, claimant called Bonded every morning in an effort to be placed back on the work schedule, until he was told not to do so by the employer. Despite his extensive work search efforts, claimant's only job offer since his work injury was the one day of work at Bonded.
The judge of compensation claims determined that claimant is not permanently and totally disabled, and denied the claim with prejudice. In the order denying benefits, the judge noted that given claimant's average intelligence and excellent reading skills, he would be an excellent candidate for "true rehabilitation" as opposed to the job placement assistance which employer/carrier provided.
Under the provisions of section 440.15(1)(b), Florida Statutes, "no compensation shall be payable ... [for PTD] if the employee is engaged in, or is physically capable of engaging in, gainful employment, *375 and the burden shall be upon the employee to establish that he is not able uninterruptedly to do even light work due to physical limitation." The statute has not been construed as requiring an injured employee to establish that he is totally incapacitated to warrant an award of permanent total disability benefits. Taylor v. Brennan Construction Co., 143 So.2d 320, 321 (Fla. 1962); Carson v. Gaineswood Condominiums, 532 So.2d 28, 32 (Fla. 1st DCA 1988). Instead, in appropriate circumstances, the court has held that a claimant's physical limitations coupled with a lengthy and exhaustive, albeit completely unsuccessful, job search, may support an award of permanent total disability benefits, despite record evidence that the claimant is physically capable of light work. See, H.S. Camp & Sons v. Flynn, 450 So.2d 577, 579 (Fla. 1st DCA 1984). See also Buena Vista Palace v. Lopez, 557 So.2d 948 (Fla. 1st DCA 1990); Oak Construction Company v. Jackson, 522 So.2d 1068 (Fla. 1st DCA 1988); Bill's Equipment and Rentals v. Teel, 498 So.2d 536 (Fla. 1st DCA 1986); Holiday Inn v. Sallee, 496 So.2d 227 (Fla. 1st DCA 1986); West Coast Insulation v. Lee, 464 So.2d 1317, 1318 (Fla. 1st DCA 1985).
The medical evidence in the instant case indicates that although claimant has a seventeen to twenty percent permanent impairment of the body as a whole, his physicians consider him physically capable of working at a light to light/medium job on a full-time basis. Furthermore, in addition to the evidence of a physical capacity for light or light/medium work, the record reflects that claimant possesses many attributes of employability, not the least of which is his motivation to return to work.
Clearly, there is no rigid formula or "bright line" test for determining whether a claimant is permanently and totally disabled insofar as wage earning capacity is concerned. Indeed, if such a test were possible of formulation, the task of the judges of compensation claims and of this court would be lightened considerably. In this case, the denial of permanent total disability benefits was predicated in part on the medical evidence that claimant is able to perform light or light/medium work, and on claimant's intelligence and good work history. These latter attributes seemingly engendered the judge's perception that claimant has a potential for re-training and ultimate re-entry into the job market.
We are cognizant of the extensive body of precedent which holds that record evidence of an exhaustive and lengthy, though unavailing job search, coupled with a permanent disability, which impacts upon the ability to earn, may result in an award of permanent total disability benefits. See e.g., Buena Vista Palace v. Lopez; Oak Construction Company v. Jackson; Bill's Equipment and Rentals v. Teel. The judge in this case recognized that the record contained evidence that claimant had conducted just such an extensive, though unsuccessful work search, which, together with his permanent impairment makes it impossible for him to return to the work in which he has training and experience. Nevertheless, the judge in this case determined that claimant's intelligence, reading skills, and good work history, together with medical evidence that he has a physical capacity for light to light/medium work indicated that claimant has a potential for re-employment. Since the judge's denial of permanent total disability benefits is supported by medical testimony that claimant has a capacity for light to light/medium work, we affirm this portion of the appealed order. See Perez v. Florida Export Tobacco Co., 566 So.2d 546, 548 (Fla. 1st DCA 1990). However, we find no basis in the record for denying the claim with prejudice, and strike the "with prejudice" portion of the order.
Accordingly, the appealed order is affirmed with respect to denial of the claim for permanent total disability benefits; the "with prejudice" provision is stricken.
WENTWORTH and ALLEN, JJ., concur.