584 So.2d 577 (1991)
Willie Lee CARTER, Appellant,
v.
CITY OF VENICE, Appellee.
No. 90-2403.
District Court of Appeal of Florida, First District.
July 11, 1991.
Rehearing Denied September 27, 1991.
Bruce L. Scheiner of Associates & Bruce L. Scheiner, Ft. Myers, and Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for appellant.
Randal C. Dunkle of Dickinson, O'Riorden, Gibbons & Shields, P.A., Sarasota, for appellee.
NIMMONS, Judge.
Claimant appeals from an order of the Judge Of Compensation Claims (JCC) denying permanent total disability (PTD) benefits. We reverse.
Claimant, a 54-year-old functionally illiterate man, suffered a compensable back injury when a car struck claimant's car while he was riding with his supervisor on a work-related errand. Claimant received the medical care of two orthopedic surgeons. Dr. Kurzner performed various operations on the appellant to relieve his back condition.[1]
Dr. Kurzner released claimant for light-duty work in November, 1988. He reached maximum medical improvement (MMI) and, based on the AMA guidelines, was assigned a 10% physical impairment rating in February, 1989. The doctor's restrictions on claimant's ability to perform light work included no lifting of objects greater than 15 to 20 pounds, no repetitive bending or twisting, and no standing or sitting for over two hours at a time.
On several occasions, claimant sought to return to his previous employer, the City of Venice, where he had previously worked as a utility laborer and sanitation worker, but was turned down. Claimant's duties for *578 the City of Venice had included digging holes, laying pipe, and other manual labor. His employment history consisted almost entirely of positions requiring heavy physical labor, although he once held a position for several years as a sanitation truck driver.
The carrier paid temporary total disability (TTD) benefits through January 22, 1989, but denied these benefits from January 23, 1989 through February, 1989. The claimant was also paid wage-loss benefits from March 1989 to January 20, 1990.
From March 1989 through January 1990 the claimant contacted at least 207 employers in his job search. During this search, a friend drove him to some of the job sites and helped him fill out the employment forms since the claimant is unable to read and write. After failing to receive a single offer of employment, claimant stopped looking for work after January 18, 1990, through the hearing date of July 31, 1990.
Claimant also received the benefit of the services of a vocational counselor and a rehabilitation nurse. Vocational counselor Cooley reported that due to claimant's functional illiteracy and very low-average intelligence, he could not test claimant. He opined, however, that if claimant's previous employer would not hire him, he would find great difficulty in obtaining suitable employment in the Venice labor market. Counselor Cooley also opined that it would take considerable effort to train claimant to read and write in a manner which would make him employable for a light, sedentary position. Nurse Cochran noted that claimant's job potential depended largely on his reemployment with the employer, City of Venice, although she also stated she could not make a conclusive determination about his employability unless the claimant underwent further vocational assessment.
The order appealed was entered after a hearing to determine claimant's eligibility for PTD benefits. The JCC found that "[w]hile this claimant is substantially disabled both physically and vocationally, I cannot excuse the lack of job search [since January 1990] and cannot find, in the absence of a good faith job search, that the claimant is unable to do even light work uninterruptedly." The JCC therefore denied the claim for PTD benefits and for penalties, interest, costs and attorney's fees.
To establish entitlement to PTD benefits, a claimant must show either that he is unable to do light work uninterruptedly due to physical limitations, or that he has conducted a lengthy, exhaustive job search which has proved futile. U.S. Foundry & Manufacturing Company v. Serpa, 564 So.2d 559 (Fla. 1st DCA 1990). Our review of the record shows that no view of the evidence would support the conclusion that the claimant did not satisfy the above articulated alternative method of establishing entitlement to PTD by engaging in a lengthy, exhaustive job search which has proved to be futile.
From March 1, 1989, to January 18, 1990, the claimant consistently attempted to find suitable employment within his physical limitations, but met with no success. Moreover, the job search evidence was bolstered by the above described uncontradicted testimony of the vocational counselor and the rehabilitation nurse, coupled with the claimant's unsuccessful efforts to return to work for the City of Venice, the subject employer. Given these factors, combined with the obvious difficulties which confront a functionally illiterate 54-year-old man seeking to secure a light, sedentary position, it is clear that claimant's job search satisfied the standard articulated in Serpa.
We also reverse and remand the portion of the JCC's order denying claimant's claim for attorney's fees, costs, interest, and penalties.
REVERSED.
BOOTH, J., and WENTWORTH, Senior Judge, concur.
NOTES
[1] The accident apparently aggravated appellant's pre-existing spinal stenosis.