WEBSTER, Judge.
In this workers’ compensation case, the employer and servicing agent seek review of an order which holds that claimant is permanently and totally disabled. They contend that the record does not contain competent substantial evidence to support that holding. We agree with the employer and servicing agent. Therefore, we reverse.
“To establish entitlement to [permanent total disability] benefits, ... the claimant must show either that he is unable to do light work uninterruptedly due to physical limitations, or that he has conducted a lengthy, exhaustive job search which has proved to be futile.” U.S. Foundry & Mfg. Co. v. Serpa, 564 So.2d 559, 561 (Fla. 1st DCA 1990). Accord Carter v. City of Venice, 584 So.2d 577 (Fla. 1st DCA 1991). In this case, nobody, including claimant, testified that claimant is “unable to do light work uninterruptedly due to physical limitations.” The only medical evidence presented was to the effect that, although claimant was not suited for “the general heavy construction job market,” there were “many work activities within his limitations.” Claimant was not to lift more than twenty-five pounds. However, “[h]e could bend with some moderate regularity,” as long as he avoided “the extremes of heavy manual labor.”
The judge of compensation claims concluded that claimant was “not physically capable of engaging in gainful employment on a full time basis, and that he ha[d] met his burden ... in that he is not able uninterruptedly to do even light work due to physical limitations and restrictions.” He based this conclusion on claimant’s age (52), work history (principally unskilled, relatively heavy, manual labor), limited education (8 years) and physical limitations and restrictions. However, there is no evidence in the record to suggest that this combination of factors effectively eliminated all types of employment within claimant’s capacity and qualifications. Cf. Pan American Bank v. Glinski, 584 So.2d 52 (Fla. 1st DCA 1991) (award of permanent total disability benefits appropriate, even in the absence of medical evidence that claimant is totally unable to work, when evidence establishes that physical restrictions placed upon claimant effectively eliminate all types of employment within claimant’s capacity and qualifications). Accordingly, the conclusion that claimant “is not able uninterruptedly to do even light work due to physical limitations and restrictions” is not supported by competent substantial evidence.
The judge of compensation claims also concluded that claimant had “performed an adequate and good faith job search,” and “that any further job search would be futile.” These conclusions were likewise based upon claimant’s age, work history, limited education and physical limitations and restrictions. Again, we conclude that there is no competent substantial evidence in the record to support the conclusions.
The evidence regarding the length and intensity of claimant’s job search was, to say the least, vague and general. Claimant was laid off by the employer in October 1990. In November 1990, claimant began doing a job search. He inquired “at about six to eight places every two weeks.” However, he listed some of the “places” two or three times. Claimant was told at all of the “places” where he inquired either that they were not hiring, or that they were “laying off” or “shutting down.” Nobody told claimant that he would not be hired because of his injuries.
In March 1991, claimant was offered another job by the employer. He worked for parts of three days before concluding that he was unable to perform the tasks, which he had been told would involve light duty but did not. Claimant testified that, after *137 he stopped working for the employer in March 1991, he “kept on looking for work.” However, in response to more specific questions, claimant was able to recall only one “place” where he had gone looking for employment between March 1991 and the hearing in September 1991. We do not believe that, under any reasonable construction of this evidence, one can conclude that claimant’s job search qualified as either “lengthy” or “exhaustive.” Cf. Carter v. City of Venice, 584 So.2d 577 (Fla. 1st DCA 1991) (evidence of 11-month job search during which at least 207 prospects were contacted is sufficiently “lengthy” and “exhaustive” to support award of permanent total disability benefits).
The record does not contain competent substantial evidence to support the conclusion that claimant is permanently and totally disabled. Accordingly, we reverse.
REVERSED.
BOOTH and SHIVERS, JJ., concur.