629 So.2d 993 (1993)
Elsa VARGAS, Appellant,
v.
AMI KENDALL REGIONAL HOSPITAL and Alexsis, Inc., Appellees.
No. 92-366.
District Court of Appeal of Florida, First District.
December 28, 1993.
*994 Henry Fierro, Miami; Jay M. Levy, P.A., Miami, for appellant.
Mark L. Zientz of Williams & Zientz, Miami, for appellees.

ON MOTION FOR REHEARING
ERVIN, Judge.
The opinion this court filed November 1, 1993, is withdrawn and the following opinion is substituted. Appellees' motion for rehearing, considered in light of this substituted opinion, is denied.
Claimant, Elsa Vargas, appeals a workers' compensation order which awarded her temporary partial disability benefits and continuing psychiatric treatment, yet denied her claim for permanent total disability (PTD) benefits. She contends that the JCC erred in concluding that she is not permanently and totally disabled and that she is currently employable. We agree and reverse.
Vargas, who is 61 years of age, injured her back in industrial accidents occurring on August 25, 1987 and August 30, 1987. Claimant currently has a mild scoliotic curve of the lumbosacral spine resulting from both her age and the trauma sustained in the two industrial accidents. She reached orthopedic maximum medical improvement (MMI) on August 22, 1989, with a five percent permanent impairment (PI) to the body as a whole, and psychiatric MMI on May 28, 1989, with a ten percent PI.[1]
To show entitlement to PTD benefits, a claimant must establish inability to do light work uninterruptedly due to physical limitations, or show proof of a lengthy and exhaustive job search which has proved futile. U.S. Foundry & Mfg. Co. v. Serpa, 564 So.2d 559, 561 (Fla. 1st DCA 1990); Holiday Inn v. Sallee, 496 So.2d 227, 229 (Fla. 1st DCA 1986). Neither of claimant's physicians recommended that she refrain from working. Therefore, the question would ordinarily be whether claimant performed an exhaustive but unsuccessful job search. The JCC must determine whether the claimant's efforts were adequate in light of the existing circumstances, i.e., claimant's actual physical impairment, age, education and training, work experience and record, motivation, and diligence. Grace v. Collier County Sch. Bd., 552 So.2d 961, 963 (Fla. 1st DCA 1989); Paramount Poultry v. Mims, 472 So.2d 1281, 1282 (Fla. 1st DCA 1985). In the instant case, the JCC merely concluded that claimant is "presently employable" and did not address the adequacy of her job search. This was error.
In his ruling, the JCC relied on the testimony of the employer/carrier's rehabilitation provider, Vicki Valdes, who testified that claimant is "presently employable." The record, however, does not support this statement. While Valdes testified that she had attempted unsuccessfully to find work for claimant between February 10 and April 20, 1989, she made no contact with claimant since. Moreover, Valdes was not aware of claimant's orthopedic impairment, nor of her psychiatric impairment, which was not assessed *995 until after Valdes had been taken off the case. Likewise, the JCC's statement that Valdes testified she had provided claimant with numerous job interviews, "none of which the claimant kept," is also unsupported by the record. Instead, Valdes testified that claimant did not attend interviews the week of March 2nd, but did interview with Jordan Marsh on March 9, 1989, attended other interviews, and was offered a position with a dry cleaning establishment, which Vargas was unable to accept because of transportation difficulties. Because the statements relied on by the JCC are not supported by the record, they do not constitute competent, substantial evidence to support the finding that claimant is presently employable. Adams v. Prestressed Sys. Indus., 625 So.2d 895 (Fla. 1st DCA 1993).
Rather, the evidence does support a conclusion that the claimant is permanently and totally disabled. She is 61 years old, has permanent physical and psychiatric impairments, and is non-fluent in English. Moreover, the record reveals that Vargas conducted an exhaustive but unsuccessful job search for three years. The employer/carrier explicitly agreed at oral argument that Vargas had performed a good-faith job search. Finally, Sam Feldman, a vocational rehabilitation specialist who evaluated claimant, opined that in light of the work restrictions imposed by claimant's physicians, claimant's limited English, her psychiatric impairment, and her difficulty in driving because of uncontrollable twitching in her right leg, Vargas is not employable in the open labor market. Considering the totality of the circumstances, it is clearly apparent that claimant is permanently and totally disabled and PTD benefits should have been awarded.
In so saying, we reject the employer/carrier's argument that the JCC's decision is supported by Davis v. Bonded Transportation, Inc., 573 So.2d 373 (Fla. 1st DCA 1991). In Davis, this court affirmed the denial of PTD benefits sought by a 52-year-old claimant who had offered evidence of a lengthy, futile work search. Davis's physicians testified that he was physically capable of holding a light or light/medium job on a full-time basis, and the record revealed that he "possesse[d] many attributes of employability, not the least of which [was] his motivation to return to work." Id. at 375. The court emphasized that despite the claimant's lengthy job search, the JCC had explicitly recognized that the medical evidence, combined with the employee's intelligence, reading skills, and good work history, indicated that Davis had a potential for reemployment. Id.
Like Davis, there was medical evidence here that claimant was able to perform light duty work, and her psychiatrist reported that her symptoms would probably disappear once the litigation ceased. Unlike Davis, however, the JCC made no findings that Vargas had skills which rendered her employable. In fact, as previously discussed, the record supports a contrary conclusion. Thus, we do not consider that Davis supports the JCC's order.
Considering the totality of the circumstances, we conclude the claimant's right to PTD benefits has been firmly established, and there is no CSE to support a contrary conclusion.
REVERSED and REMANDED with directions that claimant be awarded PTD benefits.
LAWRENCE, J., and SHIVERS, Senior Judge, concur.
NOTES
[1] Claimant also suffers from somatoform and personality disorders, some of which preexisted her work-related injuries, but which were not disabling until after the accidents.