KAHN, Judge.
In this workers’ compensation case, the judge of compensation claims (JCC) denied a claim for permanent total disability (PTD) benefits and also denied an award of attorney’s fees to claimant. On appeal, claimant Jose Fernandez argues that denial of PTD benefits was improper since the JCC did not address claimant’s job search. Claimant also argues that he was entitled to an award of bad faith attorney’s fees, section 440.34(3)(b), Florida Statutes (1983), because appellee failed to properly investigate and handle two wage-loss claims, the correctness of which were conceded by appellee during the merits hearing in this case. We affirm the denial of attorney’s fees because claimant never advised the JCC that he sought an award of attorney’s fees based upon the employer’s bad faith. On the denial of PTD benefits, however, we agree with claimant and hold that the order on review is facially insufficient to support denial.
“To establish entitlement to PTD benefits, a claimant must show either that he is unable to do light work uninterruptedly due to physical limitations, or that he has conducted a lengthy exhaustive job search which has proved futile.” Carter v. City of Venice, 584 So.2d 577, 578 (Fla. 1st DCA 1991). In the present case, claimant attempted to prove entitlement to PTD benefits both by his physical inability to perform light work uninterruptedly, and by evidence of a lengthy, yet unsuccessful, job search. Competent substantial evidence, in the form of testimony given by Dr. Castellvi, Dr. Shreeve, and Dr. Newman, supports the JCC’s conclusion that claimant can perform light work. However, “[e]ven without medical restrictions against light work, a claimant can establish entitlement to PTD through evidence of a lengthy yet unsuccessful job search.” Kaiser Aluminum & Chem. v. Taylor, 578 So.2d 432, 434 (Fla. 1st DCA 1991). The JCC failed to address the job search issue, even though claimant presented evidence that during his two-and-a-half year wage-loss period he contacted 307 prospective employers. While we are not in a position to make definitive comment upon the sufficiency of this job search as a factual matter, we find that the JCC committed error by not even addressing the adequacy of claimant’s efforts. See Vargas v. AMI Kendall Regional Hosp., 629 So.2d 993, 994 (Fla. 1st DCA 1993).
The portion of the order denying PTD benefits is REVERSED. The cause is REMANDED with instructions that the JCC specifically address the adequacy of claimant’s job search as it relates to the claim for PTD benefits.
BARFIELD and DAVIS, JJ., concur.