PER CURIAM.
The claimant, Donald Vickers, appeals an order of the Judge of Compensation Claims denying his claim for PTD benefits. The claimant argues that the appealed order is facially insufficient because the Judge failed to address the adequacy of his job search. Because the Judge denied the claimant’s claim for PTD benefits without addressing the adequacy of his job search efforts, we reverse and remand for further findings.
To establish entitlement to PTD benefits, a claimant must show an inability to do light duty work uninterruptedly due to physical limitations, or establish that he has conducted a lengthy and exhaustive job search that has proved futile. Fernandez v. City of Tampa, 656 So.2d 575 (Fla. 1st DCA 1995). In the present case, the claimant asserted that he was entitled to PTD benefits based upon evidence of a severe but not totally disabling impairment and evidence of a lengthy and exhaustive, but unsuccessful job search. The Judge of Compensation Claims’ determination that the claimant failed to establish that he is unable to perform light duty work uninterruptedly is supported by competent substantial evidence. Although the Judge of Compensation Claims recognized the correct legal standard for an award of PTD benefits, the order is nevertheless facially insufficient because it fails to address whether the claimant met his burden of proof through evidence of his job search.
Accordingly, the order of the Judge of Compensation Claims is REVERSED and the cause is REMANDED with instructions that the Judge of Compensation Claims address the adequacy of the claimant’s job search at it relates to his claim for PTD benefits.
KAHN, DAVIS and BENTON, JJ., concur.