BARFIELD, Chief Judge.
The employer/earrier appeal a workers’ compensation order which awarded the claimant permanent total disability benefits. We reverse.
The 30-year-old claimant suffered a compensable back injury in November of 1992. Medical evidence indicated claimant had a ten percent permanent impairment, with a restriction of no lifting over fifty pounds. Claimant’s physician indicated that claimant could work five days per week, eight hours per day, and that he could stand or sit for eight hours at a time. Vocational evidence indicated that claimant’s reading skills were above average and his math skills were a little below average. There was testimony that there were jobs appropriate for the claimant given his work history, physical restrictions, and transferable skills. There was also testimony that the claimant could benefit from retraining and remedial courses.
The judge of compensation claims (JCC) determined that the vocational and medical evidence did not establish that claimant was unemployable but because claimant had established that he suffered a permanent impairment, the analysis must shift to the job search. “The law is clear that in passing on the sufficiency of a work search, the JCC must decide whether claimant’s efforts were reasonable and performed in good faith in light of all the relevant circumstances: physical impairment, age, industrial history, training, education, motivation, work experience, work record, and diligence.” Borges v. Osceola Farms Co., 651 So.2d 173, 174 (Fla. 1st DCA 1995).
The JCC found that claimant does not appear to have too severe an actual physical impairment, that he is only 30 years old, had a ten year steady work history with the employer, graduated from high school, and had an average motivation to return to work. The JCC noted that claimant’s oral presentation during testimony was extremely articulate. There was vocational testimony that the claimant’s job search was inadequate. Although the claimant had over 500 job contacts, the JCC noted that claimant had gotten the only job he ever applied for (being hired by the employer soon after graduation from high school), so that his application and interview skills might be lacking. The JCC also noted that because the claimant received wage loss benefits on the basis of the job search conducted, he was unaware that he might need to change his job search techniques. Finally, the JCC noted that neither vocational rehabilitation nor placement services were attempted. Based on the above, the JCC found that claimant had proven his entitlement to permanent total disability benefits by establishing the existence of a physical impairment resulting from his industrial accident and a lengthy, yet unsuccessful, job search conducted in good faith.
This Court has held that “in appropriate circumstances, ... a claimant’s physical limitations coupled with a lengthy and exhaustive, albeit completely unsuccessful, job search, may support an award of permanent total disability benefits, despite record evidence that the claimant is physically capable of light work.” Davis v. Bonded Transp., Inc., 573 So.2d 373, 375 (Fla. 1st DCA 1991). The circumstances in the present case, as found by the JCC, do not support an award *1255 of permanent total disability benefits. All medical and vocational evidence indicated the claimant was capable of suitable, gainful employment. Although the claimant made numerous job contacts, the evidence and the JCC’s findings indicate not that the claimant was unemployable based on his physical restrictions resulting from the work injury but instead that the claimant might obtain suitable gainful employment with some guidance or assistance.
The JCC erred in determining that the claimant was entitled to permanent total disability benefits under the circumstances of this case based solely on a lengthy, unsuccessful job search. See Borges; Vargas v. AMI Kendall Reg’l Hosp., 629 So.2d 993 (Fla. 1st DCA 1993). Compare Davis. Accordingly, the order on appeal is reversed.
ERVIN and BENTON, JJ., concur.